■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BINES, Appellant.—Judgment, Supreme Court, New York County (Allen Murray Meyers, J.), rendered November 19, 1986, convicting defendant, after a jury trial, of attempted robbery in the second degree and sentencing him to an indeterminate term of imprisonment of from 1½ to 4½ years, unanimously reversed, on the law, and the case remanded for a new trial.

During the course of his testimony, complaining witness

Rajendra Singh was permitted to testify he had seen defendant during two prior attempts by defendant to rob him. The prior incidents, which went unreported, were alleged to have occurred in the two-year period preceding the robbery attempt for which defendant was on trial. This evidence of uncharged crimes, to which defendant raised timely objection, was admitted for the purpose of establishing identity under the rule of *People v Molineux* (168 NY 264, 293).

It is well established that evidence of an uncharged crime may not be introduced as a *Molineux* "identity" exception in the absence of a unique modus operandi. *(People v Robinson, 68 NY2d 541.)* In order to qualify as such, a defendant's method must have a "concurrence of common features" or be characterized by "distinguishing oddities". *(People v Johnson, 114 AD2d 210, 212.)* This insures that the commission of the uncharged crime was accomplished in a manner sufficiently unique to aid in identifying the defendant. *(People v Sanza, 121 AD2d 89, 95.)*

Here, the People make no claim of a unique modus operandi and none may be gleaned from the record. In the attempted robbery which was the subject of the trial, defendant was alleged to have been 1 of 5 men who surrounded the complainant at approximately 2:10 P.M. on April 6, 1986 in a subway passageway. The men scattered and ran, after the complainant hit defendant in the stomach. In the earlier of the two prior incidents, defendant was alleged to have panhandled a dollar from complainant at approximately 6:00 P.M. in March 1984 and to have then followed his victim to a building where he grabbed him from behind, running off only when the complainant screamed. The second of the prior aborted robberies occurred in the early morning hours of December 24, 1984, when defendant allegedly grabbed the complainant from behind as the latter opened the front door to his building with a key, but the would-be victim escaped into the locked building.

Absent a unique modus operandi, it was an abuse of discretion for the trial court to admit evidence of prior robbery attempts for the purpose of establishing defendant's identity. *(People v Robinson, supra,* at 550; *People v Johnson, supra,* at 212.)* The record reveals that the People made a prudent offer to compromise by limiting the complainant's testimony to merely stating that he had previously seen the defendant on two prior occasions. Such testimony, when preceded by careful instruction to the witness, could have been properly subjected to cross-examination without threat of disclosure of improper matter.

We have examined defendant's remaining contention and find it to be without merit. Concur—Kupferman, J. P., Milonas, Kassal, Rosenberger and Ellerin, JJ.