■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE ROBERTS, Also Known as ROBERT ANDRE, Appellant.— Judgment, Supreme Court, New York County (Herman Cahn, J.), rendered July 30, 1987, which convicted defendant of robbery in the second degree and sentenced him to a prison term of 6 to 12 years, unanimously affirmed.

Defendant and an accomplice robbed a parking lot attendant in the early morning hours of May 19, 1985. At trial, the victim testified that the two men entered his booth and held him up at gunpoint. The victim gave the robbers all of his money, which totaled approximately $100 and was neatly folded and uniquely arranged according to denomination. Police officers arrived on the scene, and, according to the testimony of one of these officers, the victim escaped from the booth and informed the officers that he was the victim of a robbery, while defendant and his accomplice attempted to flee in different directions. The accomplice was apprehended in the parking lot and the victim's cash, arranged in the unique manner, was found in his pocket. After a brief chase, defendant was arrested a short distance away. A gun, identified as the one used by the robbers, was found in a garbage can in the booth.

Defendant testified and set forth a different version of the event. He claimed that the victim was a drug dealer and that he and his friend entered the booth to purchase drugs and eventually shared some cocaine with the attendant. A dispute arose when defendant and his friend did not have their share of the purchase price. When the attendant left some cash on the counter as his share of the cost, the accomplice pocketed that money as they fled upon the arrival of the police.

Initially, we find that defendant's guilt was overwhelmingly proven beyond a reasonable doubt. Viewing the evidence in the light most favorable to the People, and bearing in mind that credibility is a matter to be determined by the jury which was free to discount defendant's dubious story, the evidence was clearly sufficient to support the conviction (see, People v Malizia, 62 NY2d 755).

Defendant's main argument on this appeal is directed to the court's Sandoval ruling. The prosecutor sought permission to

cross-examine defendant about his 1973 robbery conviction, for which he spent six years in prison, about six open indictments pending against defendant in Queens County, of which five were for robbery, and about defendant's prior use of aliases. After a hearing on defendant's *Sandoval* motion, the trial court precluded all inquiry into the underlying nature of defendant's robbery conviction, but allowed the prosecutor to inquire whether defendant had been convicted of a felony. With respect to the pending indictments, the court permitted the prosecutor to ask whether defendant was awaiting trial on felony charges but precluded any questions as to the underlying facts or nature of the pending charges. Finally, the court permitted the prosecutor to ask defendant about his use of eight specified aliases, but precluded any questioning about the facts underlying the use of those aliases.

The court's compromise ruling was a commendable attempt to balance the competing interests of the prosecutor's right to impeach defendant's credibility and the possibility of undue prejudice to the defendant. *(See, People v Sandoval,* 34 NY2d 371.) Nevertheless, it was improper to allow the prosecutor to assail the defendant's credibility by cross-examination concerning unrelated pending criminal charges. *(People v Betts,* 70 NY2d 289.) Under the circumstances of this case, however, we find such error harmless beyond a reasonable doubt. *(See, People v Crimmins,* 36 NY2d 230, 236.) The case was supported by overwhelming evidence of defendant's guilt. The prosecutor's attempt to impeach defendant's credibility on cross-examination was extremely brief, asking defendant only a single limited question regarding his pending cases.

Cross-examination regarding the use of aliases was similarly limited. There is no per se rule in this department limiting cross-examination regarding the use of aliases *(see, People v Walker,* 119 AD2d 521, 523), and even if such inquiry were considered to be error, the limited, essentially innocuous references to defendant's aliases did not deprive him of a fair trial and would also be held to be harmless *(see, People v Jimenez,* 79 AD2d 1012, *mod on other grounds* 55 NY2d 895). Furthermore, the court properly charged the jury that such evidence was permitted "for one reason, and one reason only [i.e., credibility] * * * and for no other reason". Accordingly, any error committed did not unduly prejudice the defendant or contribute to his conviction by the jury, especially since his guilt was so conclusively demonstrated.

We have examined the defendant's remaining contentions, regarding the prosecutor's summation, and find them to be

without merit. While the prosecutor pointed to the fact that defendant did not produce corroborating witnesses to support his claim that he had purchased drugs from the victim in the past, any danger that the jury might interpret this remark as shifting the burden of proof to the defendant was dispelled by the court's prompt curative instruction that defendant had no obligation to call any witnesses, and the court's later charge, emphasizing earlier instructions, that the prosecution alone bore the burden of proof. The remaining claims regarding the summation are unpreserved for appellate review and we decline to reach them. Were we to reach them, in the interest of justice, we find them without merit. Concur—Kupferman, J. P., Sullivan, Ross, Ellerin and Wallach, JJ.