■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO RIVERA, Appellant.—Judgment, Supreme Court, Bronx County (Robert G. Seewald, J.), rendered October 24, 1990, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to two concurrent terms of imprisonment of 7-½ to 15 years, unanimously affirmed.

Defendant was arrested after selling two glassine envelopes of heroin to an undercover officer. A search of defendant's person recovered six glassine envelopes of heroin and prerecorded buy money.

There is no merit to defendant's contention that the trial court's ruling, precluding inquiry into the underlying facts of any of his prior convictions, was circumvented when the prosecutor questioned him about his alleged use of aliases.

There is no per se rule limiting cross-examination regarding the use of aliases (see, People v Roberts, 163 AD2d 120, 121, lv denied 76 NY2d 943). Even if such inquiry were considered to be error, the questioning was "limited [and] essentially innocuous", and in view of the overwhelming evidence of guilt, could not have unduly contributed to defendant's conviction or otherwise deprived him of a fair trial (supra, at 121). Furthermore, the impact of the prosecutor's inquiry was diffused by defendant's explanation that the alleged aliases were merely nicknames used by his friends in a joking manner, as well as by the court's proper instruction to the jury "that the testimony concerning the defendant's names [could] not be used for any purposes, except as it [might or might not] have an affect upon [the defendant's] credibility." (Supra, at 121.)

Defendant's contention that the court's reasonable doubt charge was improper is unpreserved for appellate review

*(People v Jackson,* 76 NY2d 908) and we decline to reach it in the interest of justice. If we were to reach the issue in the interest of justice, we would find it to be without merit. That jurors be able to give a reason for their doubt if called upon to do so in the jury room is an appropriate instruction as a basic tenet of the jury deliberation process *(People v Jones,* 162 AD2d 204, 205, *lv denied* 76 NY2d 859). Concur—Sullivan, J. P., Milonas, Kupferman, Ross and Smith, JJ.