■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINSTON HENDRICKS, Appellant. [613 NYS2d 166] —Judgment, Supreme Court, Bronx County (William H. Wallace, III, J.), rendered March 18, 1993, convicting the defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree and sentencing him, as a second felony offender, to concurrent indeterminate terms of imprisonment of from four and one-half to nine years, unanimously reversed, on the law, the judgment is vacated and the matter is remitted for a new trial.

Following a *Sandoval* hearing *(People v Sandoval,* 34 NY2d 371), the trial court ruled that should the defendant testify, the prosecutor would be permitted to inquire as to whether or not he was convicted of a felony in 1990. However, the court precluded questioning into the underlying facts of this 1990 arrest for criminal sale and possession of a controlled substance, the same charges for which the defendant was now on trial. The prosecutor then requested a ruling permitting her to elicit on the People's direct case, evidence that the defendant sold drugs to the same undercover officer at the same location as that involved in the instant transaction, on a previous occasion. She maintained that the evidence in the instant case would demonstrate that although the co-defendant initially refused to sell to the undercover officer, he did so after the defendant stated that he knew the officer from a prior sale. The prosecutor contended that proof of the uncharged crime was admissible to establish identification and because the facts were inextricably interwoven with those underlying the present charges.

Defense counsel opposed, maintaining, *inter alia,* that the proposed testimony would irreparably prejudice the defendant by indicating a propensity to commit the crimes charged. The court, noting its previous *Sandoval* ruling, denied the prosecutor's application for permission to impeach the defendant with the underlying facts of the previous sale, but permitted her to elicit the fact that the undercover officer knew the defendant.

At trial, the undercover officer testified that on January 10,

1992, he saw some men outside a tire shop and asked if people were selling heroin inside. He then went inside the shop, approached the co-defendant and asked for "four". When the co-defendant expressed reluctance because he didn't know him, the officer told him that he had previously bought drugs from the defendant. Defense counsel objected and the court stated "[y]ou said sir, you gave him certain information" and the officer stated "yes".

The officer continued and testified that he called the defendant over and asked if he knew him. The defendant said he did and told the co-defendant that the officer was "all right". The co-defendant then told the defendant to give the officer four packets of drugs and the officer handed the co-defendant forty dollars.

Defense counsel moved for a mistrial but the court granted the prosecutor's request that she be permitted to continue her direct examination before ruling. The prosecutor then asked the officer if he knew the defendant previously and he stated that he did. She then asked again about the conversation between the defendant and the co-defendant. The officer repeated that the co-defendant asked the defendant if he knew him (the officer) and the defendant stated that he did. The co-defendant then told the defendant to give the officer four packets.

At the conclusion of direct examination, defense counsel again moved for a mistrial based on the officer's testimony. He maintained that rather than merely stating that he knew the defendant as the court permitted, the officer testified that he had previously bought drugs from him, indicating his propensity to sell drugs. The court denied the motion and the defendant was convicted.

The trial court abused its discretion in denying the defendant's motion for a mistrial. The officer's testimony as to his prior relationship with the defendant, despite the court's ruling limiting any testimony to an acknowledgment of knowing the defendant previously, unduly prejudiced the defendant by creating the inference that he had a propensity to commit the crimes charged (People v Alvino, 71 NY2d 233, 241; People v Lewis, 69 NY2d 321, 325; People v Allweiss, 48 NY2d 40, 46).

Although evidence of prior uncharged crimes may be relevant to show intent, motive, lack of mistake, common scheme or plan or identity of the defendant, it may not be received unless its probative value exceeds the potential for prejudice to the defendant (People v Alvino, supra, at 242; People v

*Molineux,* 168 NY 264, 293). The trial court, recognizing the potential for prejudice should the prior sale be brought to the jury's attention, properly attempted to limit the officer's testimony.

Since the defendant conceded being present at the tire shop, identification was not a central issue in the case. Moreover, the nature of the underlying crimes was not sufficiently distinctive to identify the defendant as the perpetrator of both *(see, People v Robinson,* 68 NY2d 541; *People v Bines,* 137 AD2d 431, *lv denied* 71 NY2d 1023). While evidence of prior crimes, in some circumstances, is admissible under the "inextricably interwoven" exception *(see, People v Vails,* 43 NY2d 364, 368; *see also, People v Crandall,* 67 NY2d 111; *People v Ventimiglia,* 52 NY2d 350), testimony as to the previous sale was not necessary to complete the narrative of what transpired in the instant case *(People v Crandall, supra,* at 117). The sale at issue was straightforward and not a part of a continuing transaction *(People v McArthur,* 170 AD2d 540, *lv withdrawn* 77 NY2d 997).

The officer's testimony exceeded the boundaries placed by the court. Whether accidental or intentional, the testimony raised the inference that the defendant, having a propensity to commit the crimes charged, regularly engaged in drug dealing. Even had a curative instruction been given, the prejudice was too great to be countermanded by it *(see, People v Barranco,* 174 AD2d 343, 345).

It should not pass notice that the prosecutor, while expressing regret for the officer's "slip", later took advantage of that testimony in her summation, thus strengthening the inference of the defendant's propensity to sell drugs and compounding the prejudice. Concur—Murphy, P. J., Rosenberger, Kupferman, Ross and Tom, JJ.