(March 13, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY HILTS, Also Known as JAHEEM, Appellant. [654 NYS2d 483] —Carpinello, J. Appeal from a judgment of the County Court of Schenectady County (Reilly, Jr., J.), rendered March 26, 1993, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

On June 19, 1991, defendant and a companion sold cocaine to undercover State Police Investigator Samuel Mercado and a confidential police informant at a residence in the City of Schenectady, Schenectady County. Indicted for criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree and found guilty as charged following a jury trial, defendant appeals. We now affirm.

During redirect examination and in response to a question concerning whether a field test was performed on the cocaine purchased from defendant despite indications on a buy sheet that such a test was not performed, Mercado testified that, "I really don't have an explanation. Like I said, I field test every purchase that I make. I believe what we have here * * * is a typographical error on my part. Because this was the first purchase that was made from [defendant]." Immediately following this answer defense counsel moved for a mistrial, which was denied.

On appeal, defendant urges that the reference to a "first purchase" implied a propensity to commit drug-related crimes and was of such prejudicial magnitude that his right to a fair trial was violated. We find that this isolated reference to a "first purchase", in the explanatory context in which it was made, did not suggest that defendant had a propensity to commit drug-related crimes or that defendant made actual drug sales to this or any other police officer on other occasions (*cf.*, *People v Pena-Martinez*, 206 AD2d 858, *lv denied* 84 NY2d 938;

*People v Hendricks*, 205 AD2d 333, *lv denied* 84 NY2d 826; *People v Rivera*, 144 AD2d 258). Accordingly, we do not find that defendant was unduly prejudiced by the remark and County Court did not abuse its discretion in denying defense counsel's motion for a mistrial. Moreover, given the overwhelming evidence of defendant's guilt, "[t]here is no significant probability that the jury would have acquitted defendant had it not heard the [comment]" (*People v Ashford*, 190 AD2d 886, 887, *lv denied* 81 NY2d 1069; *see, People v Soto*, 167 AD2d 302, 303, *lv denied* 77 NY2d 1001).

To the extent that defendant argues that the lack of a curative or remedial instruction increased the prejudice to him, we note that defense counsel did not request such an instruction; rather, he specifically requested that Mercado be instructed to proceed with caution. Accordingly, we find that this issue is unpreserved for review (*see, People v Jiminez*, 200 AD2d 889, 891, *lv denied* 83 NY2d 912). Moreover, our review of Mercado's subsequent testimony convinces us that defense counsel's request was complied with.

As to defendant's contention that County Court abused its discretion in precluding a defense witness from testifying because she was in the courtroom for part of the People's case-in-chief, such error was harmless in light of the inconsequential nature of her proffered testimony* and the overwhelming evidence of defendant's guilt (*see, People v Gilmore*, 66 NY2d 863; *People v Arroyo*, 162 AD2d 337, *affd* 77 NY2d 947; *People v Lloyde*, 106 AD2d 405).

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the judgment is affirmed.

---

* During a colloquy between County Court and counsel on this matter, defense counsel indicated that this witness "is not going to testify that she saw [defendant] at some other place on [June 19, 1991]". Rather, according to defense counsel, the witness, if permitted to testify, would merely establish that she lived at the Schenectady residence where the drug sale took place and that on June 19, 1991 defendant and her brother (who were at the residence) were going out that evening, that they in fact did go out that evening and that she never observed defendant involved in any drug sales that day.