■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BYRD, Appellant. [657 NYS2d 683] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered February 8, 1995, convicting defendant, after a jury trial, of two counts each of robbery in the first and second degrees, and sentencing him to four concurrent terms of 4 to 12 years, unanimously affirmed.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490). We decline to disturb the jury's findings concerning the reliability of the identification evidence.

Defendant's claim that the court's *Sandoval* ruling violated his right against self-incrimination by permitting the prosecutor to question him about his use of an alias in a pending criminal case is unpreserved for review (*People v Michalek*, 82 NY2d 906, 907) and we decline to review it in the interest of justice. Were we to review it, we would find that any error was harmless in view of the overwhelming evidence of guilt (*People v Roberts*, 163 AD2d 120, *lv denied* 76 NY2d 943).

Also unpreserved is defendant's contention that the court improperly denied his request, made immediately prior to jury selection, for permission to call two alibi witnesses for whom timely alibi notice was not filed (*People v Gonzalez*, 233 AD2d 190). In any event, this request was properly denied, because defendant failed to provide any reasons establishing good cause for such untimeliness either on that occasion or on a previous date when he had unsuccessfully sought permission to file late notice (*People v Alvarez*, 223 AD2d 401, *lv denied* 88 NY2d 980).

Defendant was not deprived of his right to counsel when the court instructed defense counsel to cease speaking aloud to de-

fendant during its final charge (*see, People v Colon*, 71 NY2d 410, 417-418, *cert denied* 487 US 1239; *compare, People v Joseph*, 84 NY2d 995). Concur—Sullivan, J. P., Milonas, Ellerin, Tom and Mazzarelli, JJ.