■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN RODRIGUEZ, Also Known as PABLO MARTINEZ, Appellant. [702 NYS2d 313] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Marrero, J.), rendered February 10, 1997, convicting him of criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court (Barbaro, J.), rendered May 6, 1997, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgments are affirmed.

The defendant's convictions stem from a sale of cocaine to an

undercover police officer on a Brooklyn street. The defendant was arrested immediately after the sale. Additional packages of cocaine were seized from his possession, as was the prerecorded money used by the undercover officer.

The defendant contends that the court's *Sandoval* ruling (*see, People v Sandoval,* 34 NY2d 371) was improper insofar as the court declined to exclude evidence of his past use of aliases in connection with two unresolved charges that were then pending against him. We are not persuaded that reversal is warranted.

It is well settled that there is no per se rule prohibiting the cross-examination of a defendant with evidence of his past use of aliases (*see, People v Roberts,* 163 AD2d 120). Indeed, it is well settled that the court possesses the discretion to receive evidence of a defendant's past use of aliases (*see, People v Castrillo,* 260 AD2d 280; *People v Santiago,* 251 AD2d 239). Such evidence is probative of the defendant's credibility as it demonstrates his willingness to employ deception to place his own interests above those of society (*see, People v Walker,* 83 NY2d 455; *People v Taylor,* 253 AD2d 471; *People v Johnson,* 249 AD2d 417; *People v Walker,* 209 AD2d 559). While it has been noted that a defendant should only be cross-examined with evidence of his past use of aliases in connection with convictions ruled admissible for *Sandoval* purposes (*see, People v Walker,* 83 NY2d, *supra,* at 464, n 2), in light of the overwhelming evidence of the defendant's guilt, any error in the court's *Sandoval* ruling was harmless beyond a reasonable doubt (*see, People v Byrd,* 239 AD2d 277; *People v Vega,* 209 AD2d 220; *People v Roberts, supra*).

The defendant's challenge to the court's suppression ruling is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858), and we decline to reach it in the exercise of our interest of justice jurisdiction.

The defendant's remaining contentions are without merit. Bracken, J. P., Thompson, S. Miller and Friedmann, JJ., concur.