■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. BROWN, Appellant. [710 NYS2d 194] —Crew III, J. Appeals from two judgments of the Supreme Court (Teresi, J.), rendered March 5, 1999 and March 19, 1999 in Warren County, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree, sodomy in the first degree and rape in the first degree.

Prior to trial, both the prosecutor and defense counsel stipulated to the exclusion of witnesses and Supreme Court so ordered. Thereafter, defendant's 13-year-old daughter, an alibi

witness, apparently was present in the courtroom throughout much of the People's case. Consequently, the People moved to preclude her testimony, which motion was granted. Defendant appeals contending, *inter alia*, that Supreme Court's ruling constituted reversible error. We agree and, accordingly, reverse.

It is axiomatic that when a defense witness in a criminal prosecution is prospectively excluded from testifying, the defendant's 6th Amendment rights are implicated. It is equally well settled that a defendant's right to present evidence is not absolute but, rather, is subject to the rules of procedure that govern the orderly presentation of evidence at trial (*see, Taylor v Illinois*, 484 US 400, 410). Indeed, preclusion of the testimony of a defense witness, even where the testimony is highly probative, has been found to be an acceptable sanction for failure to comply with a court order (*see, United States v Nobles*, 422 US 225, 241; *cf., People v Bembry*, 258 AD2d 921, *lv denied* 93 NY2d 897; *People v Byrd*, 239 AD2d 277, *lv denied* 90 NY2d 902). That being the case, it seems clear that where a witness violates an order of exclusion, he or she is subject to court-imposed sanctions the severity of which are committed to the sound discretion of the trial court. And while the sanction may include precluding the witness from testifying, such sanction clearly is the most drastic available and would be appropriate only in the most egregious circumstances, such as upon a finding of collusion between defense counsel and the witness to gain some tactical advantage, e.g., tailoring the evidence to counter the prosecution's case (*see*, 6 Wigmore, Evidence § 1842, at 477-484 [Chadbourn rev 1976]; 1 McCormick, Evidence § 50, at 210-211 [5th ed]). In most situations, however, alternative sanctions, such as an adverse witness charge, most likely would suffice.

Inasmuch as the record here does not support the drastic sanction of preclusion, we conclude that Supreme Court abused its discretion in that regard. It, therefore, was incumbent upon the People to establish that such error was harmless beyond a reasonable doubt (*see, People v Almestica*, 42 NY2d 222, 226). In our view, the People have failed to meet that burden requiring a reversal and a new trial.

Cardona, P. J. and Peters, J., concur.

Mugglin, J. (*concurring*). While I agree with the majority's conclusion that the judgment of conviction must be reversed, my rationale differs from that of the majority. First, in my view, the majority's reliance on *Taylor v Illinois* (484 US 400), *United States v Nobles* (422 US 225), *People v Bembry* (258

AD2d 921, *lv denied* 93 NY2d 897) and *People v Byrd* (239 AD2d 277, *lv denied* 90 NY2d 902) is misplaced. Those cases involve the exercise of a court's discretion to preclude a prospective defense witness when the defendant has failed to take the proper initiative to comply with a discovery order or a statutory mandate (*see*, CPL 250.20) by identifying in a timely manner a proposed alibi witness; having failed to so comply, the defendant was properly ordered to suffer the consequences. Here, however, it is the *witness* who failed to obey the preclusion order, but it was defendant who suffered the consequences.

Further, in my view, the record is adequate to demonstrate that Supreme Court recognized the substantive matter of the witness's expected testimony, the importance of the witness to the defense of the charges and the drastic nature of precluding this witness, who presumptively was the only one who could testify to being with the victim during the time that the victim claimed the crime was committed.[1] In my view, the testimony of such a witness impinges directly on the issue of guilt or innocence; prohibiting such a witness from testifying because of a violation of a preclusion from the courtroom order so impacts defendant's right to a fair trial[2] that it is beyond the discretion of the trial court and is not a proper subject for harmless error analysis (*see*, *People v Crimmins*, 36 NY2d 230, 238).

Ordered that the judgments are reversed, on the law, and matter remitted to the Supreme Court for a new trial.

---

1. Notably, the record discloses that the witness was not present when the victim testified.

2. The precise point where error so impacts a defendant's right to a fair trial that it is per se reversible, while the subject of much scholarly debate, has not been uniformly judicially determined (*see*, *People v Daly*, 98 AD2d 803, 806 [dissenting mem], *affd* 64 NY2d 970). While recognizing that precluding a defense witness in a criminal case is error, some reviewing courts have determined the error to be harmless in light of the subject matter of the excluded testimony and the otherwise overwhelming proof of the defendant's guilt (*see*, *People v Gilmore*, 66 NY2d 863, 867; *People v Hilts*, 237 AD2d 737, *lvs denied* 89 NY2d 1094, 1095; *People v Lloyde*, 106 AD2d 405, 406; *People v Daly*, *supra*, at 804). A review of these cases, however, reveals that the excluded testimony would have either been inconsequential (*People v Hilts*, *supra*), cumulative (*People v Lloyde*, *supra*), offered to rebut the inference of guilt from flight (*People v Gilmore*, *supra*; *People v Lloyde*, *supra*), offered to show voluntary surrender rather than arrest (*People v Gilmore*, *supra*) or offered to explain the absence of a witness from trial (*People v Daly*, *supra*).