■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC R. KELLY, Appellant. [732 NYS2d 484] —Rose, J. Appeal from a judgment of the County Court of Ulster County (Bruhn,

J.), rendered November 29, 1999, upon a verdict convicting defendant of the crime of sodomy in the third degree.

Following a jury trial, defendant was convicted of sodomy in the third degree, but acquitted of five other charges, which all arose out of one incident involving a 15-year-old girl. Defendant was sentenced to a prison term of one year. He appeals and we now reverse.

Initially, we find no error in County Court's denial of defendant's request for production of the State Police laboratory's DNA testing protocols and procedure manuals. Since the generic laboratory protocols and manuals are not *Rosario* or *Brady* material, they were not subject to disclosure under those rules. Nor are they the analysis notes relating to the DNA testing actually performed on the physical evidence involved in this case, as in *People v DaGata* (86 NY2d 40). Here, the People eventually disclosed the entire file of such notes from the State Police laboratory pursuant to CPL 240.20, and the general testing protocols and manuals sought by defendant would contain no information concerning the specific tests performed or the results obtained in his case. We note also that, but for the defense's failure to give 24-hour notice, the requested materials, if shown to be relevant and material, could have been obtained by means of a subpoena duces tecum (*see*, CPLR 2307).

County Court also did not err in refusing to conduct a mid-trial *Frye* hearing, because defendant requested such a hearing during the testimony of prosecution witness Michael Portzer only to aid his contention that Portzer was not qualified to testify concerning population genetics and had not followed accepted procedures. DNA evidence and the polymerase chain reaction method of testing DNA have gained general acceptance in the scientific community (*see*, *People v Hamilton*, 255 AD2d 693, *lv denied* 92 NY2d 1032). Any arguments concerning the qualification of the expert witness or adherence to accepted procedures for collection, storage or analysis of such evidence "relate[ ] to trial issues of foundation and weight of the evidence" (*id.*, at 694 [emphasis omitted]; *see*, *People v Wesley*, 83 NY2d 417, 428-429). They may be fully explored upon voir dire or cross-examination, as they were here, but are not the proper subject of a *Frye* hearing.

We do find merit, however, in defendant's contention that County Court's ruling precluding a defense expert from testifying at trial deprived him of a fair trial and his right to present his defense. Although, as the People argue, County Court based its preclusion ruling on defense counsel's late notice of his

intention to call a DNA expert, its ruling was nonetheless an abuse of discretion. Defense counsel first indicated that he might call one or two DNA expert witnesses during jury selection. Claiming prejudice due to such late notice, the People moved to preclude the testimony of those witnesses. Defense counsel indicated that he had been retained only two days prior and that he immediately made efforts to locate experts regarding DNA evidence. Defense counsel also argued, and the record reflects, that the People failed to disclose the pertinent DNA laboratory notes until one business day before trial (*cf., People v DaGata, supra*). County Court initially reserved decision, and then granted the People's motion during trial when defense counsel informed the court of his intent to call Louis Levine to testify in response to the People's expert testimony that sperm found on the victim's shirt matched defendant's genetic profile.

"It is axiomatic that when a defense witness in a criminal prosecution is prospectively excluded from testifying, the defendant's 6th Amendment rights are implicated. It is equally well settled that a defendant's right to present evidence is not absolute but, rather, is subject to the rules of procedure that govern the orderly presentation of evidence at trial" (*People v Brown*, 274 AD2d 609, 610 [citation omitted]; *see, Taylor v Illinois*, 484 US 400, 410). Where, as here, a defendant fails to comply with a request or order to identify his or her witnesses in advance of trial, it is in the sound discretion of the trial court to impose a sanction (*see, Taylor v Illinois, supra; United States v Nobles*, 422 US 225, 241; *People v Brown, supra*). While the court may preclude the proposed witness, "such sanction clearly is the most drastic available and would be appropriate only in the most egregious circumstances," such as when the omission is willful and motivated by a desire to obtain a tactical advantage (*People v Brown, supra*, at 610).

County Court found no such egregious circumstances in this case, and since its ruling effectively precluded defendant from defending against the People's DNA evidence corroborating the victim's testimony of his sexual act, we find that County Court abused its discretion in imposing the sanction of preclusion and that the People failed to meet its burden of establishing that this error was harmless beyond a reasonable doubt (*see, id.*). Nor are we persuaded by the People's argument that preclusion was warranted based on the holdings in *People v Almonor* (93 NY2d 571) and *People v Berk* (88 NY2d 257, *cert denied* 519 US 859). In those cases, unlike here, the People were surprised and disadvantaged by the defendants' untimely

attempts to introduce psychiatric evidence in support of the affirmative defenses of insanity and extreme emotional disturbance. Here, defendant's calling of an expert was not in furtherance of such a defense, but in response to the prosecution's own expert witnesses and DNA evidence. As a result, defendant's late notice related only to the identity of his expert rather than to the interposition of new scientific issues with which the prosecution was unfamiliar. For these reasons, the judgment must be reversed and the matter remitted for a new trial.

In light of our ruling, we need not comment further on defendant's other contentions except to find that, to the extent that County Court may have erred in permitting the cross-examination of defense witness Jennifer Leon regarding criminal charges pending against her, such error was harmless because the witness's testimony was otherwise effectively impeached by the People (see, People v Miller, 239 AD2d 787, 788, affd 91 NY2d 372, 380).

Cardona, P. J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Ulster County for a new trial.