■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY L. LEFEBVRE, Appellant. [846 NYS2d 699]—

Mugglin, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered March 6, 2006, upon a verdict convicting defendant of the crimes of criminal mischief in the third degree (two counts), resisting arrest and obstructing governmental administration in the second degree.

Following arraignment on an indictment charging a variety of offenses arising out of an incident of road rage on February 18, 2005, defendant served the People with a notice of intent to offer psychiatric evidence at trial pursuant to CPL 250.10. Thereafter, by stipulation of the parties, County Court ordered defendant to submit to a psychiatric examination by a psychiatrist or psychologist employed by the District Attorney. When defendant failed to provide the prosecution with any specific information regarding his psychiatric defense, the People sought and County Court granted an order precluding defendant's medical experts from testifying at trial with respect to any psychiatric defense. Following a jury trial, defendant was convicted of a number of offenses and sentenced to a term of incarceration of one year in the county jail on each count to run concurrently. Defendant now appeals.

We affirm. In addition to providing timely notice of an intention to offer psychological or psychiatric evidence, a defendant is required to provide information sufficient to allow "the prosecution . . . to discern the general nature of" defendant's claimed mental disease or defect, thereby allowing the People to conduct their own investigation with respect to the issue (*People v Almonor*, 93 NY2d 571, 581 [1999]; *see People v Berk*, 88 NY2d 257, 264 [1996], *cert denied* 519 US 859 [1996]). Here, defendant's notice only recited that, at the time of the incident, defendant was under medical care and taking prescribed medicines which were mind-altering substances. We reject defendant's present contention that the information contained in his notice sufficiently outlines a claim that the prescribed medicines prohibited him from forming the requisite state of mental culpability to commit the offenses in the indictment. Since defendant was repeatedly admonished to provide the prosecution with additional information in support of his notice, we find no

abuse of discretion with regard to the preclusion of defendant's proffered expert testimony (*see People v Miller*, 108 AD2d 1053, 1056 [1985], *lv denied* 65 NY2d 697 [1985]).

Likewise, we reject defendant's claim that County Court's preclusion order violated his 6th Amendment right to present witnesses. A defendant's right to present evidence in the form of testimony at trial is not absolute (*see People v Brown*, 274 AD2d 609, 610 [2000]). When asked to preclude evidence, a court is required to weigh the possibility of prejudice to the prosecution against the right of the defendant to present his or her case (*see People v Berk*, 88 NY2d at 266). Although preclusion is a drastic remedy which should be employed only in the most egregious situations (*see People v Kelly*, 288 AD2d 695, 697 [2001], *lv denied* 97 NY2d 756 [2002]), a preclusion order will not be disturbed absent an abuse of discretion (*see People v Almonor*, 93 NY2d at 583; *People v Aska*, 91 NY2d 979, 981 [1998]). Here, we discern no such abuse. County Court repeatedly warned defendant to provide the additional information necessary to allow the prosecution to focus on its own investigation of defendant's claim. Defendant's failure to provide such information effectively prohibited the prosecution from adequately preparing to meet defendant's medical evidence. Under these circumstances, the prejudice to the prosecution outweighs the right of defendant to present his evidence and, thus, no violation of defendant's rights under the 6th Amendment occurred.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.