■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOR CRUZ, Appellant. [855 NYS2d 144]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered October 24, 2005, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of five years, unanimously reversed, on the law, and the matter remanded for a new trial.

The court improperly precluded material evidence offered by defendant. An undercover officer testified that after he entered a parking garage and announced a desire to purchase drugs, defendant followed him out of the garage to a location about a block away, where defendant negotiated a drug transaction, departed and returned a few minutes later to consummate the sale. Defendant sought to call as a witness his 19-year-old daughter, who would have testified to a very different scenario. According to defendant, his daughter would have testified that at the approximate time of the incident, there was a prearranged meeting in front of the garage between defendant, the proposed witness and his younger daughter, after which defendant walked away from the garage with his two daughters, met up with friends on the street, and assisted his daughters in obtaining a taxi.

The court precluded this proposed testimony on the ground that it either constituted alibi evidence, for which defendant failed to serve the notice required by CPL 250.20, or that, if it did not constitute an alibi, it was irrelevant. On appeal, the People concede that the precluded testimony was not alibi testimony, but argue that it was properly precluded as lacking probative value. Their principal argument is that, given the spatial and temporal factors, the events described by the undercover officer and those set forth in the proposed testimony could have both happened.

While the daughter's testimony, if credited, would not have rendered the prosecution scenario impossible, it would have rendered that scenario unlikely, supported defendant's defense, and corroborated his testimony (see People v Cuevas, 67 AD2d 219, 223-225 [1979]; see also People v Jack, 74 NY2d 708 [1989]). There is no indication that defendant sought to call his daughter primarily to garner sympathy from the jury, or that the testimony would have been unduly prejudicial to the People. Accordingly, the evidence should not have been precluded on the ground of irrelevance.

Furthermore, to the extent the court considered the daughter an alibi witness, under the circumstances of the case it should

have admitted her testimony after giving the People a reasonable opportunity to prepare (see CPL 250.20 [3]). Counsel's failure to serve an alibi notice does not appear to have been an attempt to obtain a tactical advantage, but instead appears to have resulted from counsel's good faith belief that no notice was required as a matter of law, and the absence of notice would not have caused irreparable prejudice to the People (see *Taylor v Illinois*, 484 US 400, 414-415 [1988]; *Noble v Kelly*, 246 F3d 93, 98-100 [2d Cir 2001], *cert denied* 534 US 886 [2001]).

We also find that the error in precluding this testimony was not harmless. We decline to reach any other issue. Concur— Lippman, P.J., Saxe, Gonzalez and Nardelli, JJ.