People v Perkins (2018 NY Slip Op 07972)





People v Perkins


2018 NY Slip Op 07972


Decided on November 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2018

104871

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
CURTIS PERKINS, Appellant.

Calendar Date: October 10, 2018

Before: Garry, P.J., Lynch, Devine, Aarons and Pritzker, JJ.


Fernande Rossetti, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeals (1) from a judgment of the County Court of Schenectady County (Hoye, J.), rendered December 21, 2011, upon a verdict convicting defendant of the crimes of attempted murder in the second degree, criminal possession of a weapon in the second degree (two counts), attempted assault in the first degree and reckless endangerment in the first degree, (2) by permission, from an order of said court, entered April 16, 2013, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, after a hearing, and (3) by permission, from an order of said court (Sira, J.), entered June 22, 2017, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, after a hearing.
Defendant was convicted, after a jury trial, of attempted murder in the second degree, two counts of criminal possession of a weapon in the second degree, attempted assault in the first degree and reckless endangerment in the first degree in connection with an incident, in January 2011, during which Ashton McNeal and two other men were waiting at a bus stop in the City of Schenectady, Schenectady County, when a hooded man approached and pointed a gun at McNeal's head. McNeal later identified the man as defendant and testified that defendant unsuccessfully tried to discharge the firearm, retreated from the bus stop and eventually fired the weapon in McNeal's direction, causing him and one of the other men to flee the scene. County [*2]Court (Hoye, J.) sentenced defendant to an aggregate prison term of 20 years, with a period of five years of postrelease supervision. Defendant later moved, pursuant to CPL 440.10 (1) (g), to vacate the judgment of conviction based upon, among other things, the discovery of new evidence. After a hearing, County Court denied defendant's motion. Defendant thereafter moved, pursuant to CPL 440.10 (1) (h), to vacate the judgment of conviction based upon ineffective assistance of counsel. After a hearing, County Court (Sira, J.) denied the motion. Defendant appeals the judgment of conviction and, by permission, the denial of both CPL article 440 motions.
Initially, we do not agree with defendant that the grand jury proceeding was defective. In response to defendant's omnibus motion alleging grand juror bias, and after being instructed by County Court (Hoye, J.) to specifically respond to defendant's allegations of bias, the People submitted a letter from an Assistant District Attorney acknowledging that a correction officer from the Schenectady County jail was a member of defendant's grand jury and voted in the matter. The letter stated that all grand jurors were advised that, if they knew a witness or a defendant, they were to abstain from voting if they could not be fair and impartial. The People also proffered, for in camera review, an affidavit from the grand juror that attested to his ability to judge defendant's case fairly and impartially. Accordingly, the People's letter to County Court, together with the affidavit from the grand juror, are sufficient to overcome defendant's speculative claim of bias (see People v Wormuth, 35 AD2d 609, 609 [1970]; compare People v Revette, 48 AD3d 886, 887-888 [2008]; cf. People v Gryner, 116 AD3d 1247, 1248 [2014]).
We also disagree with defendant that he was deprived of a fair trial when McNeal testified that defendant threatened him with a gun approximately 16 months before the alleged crime. The People sought to admit this evidence for the purpose of proving identity, intent and motive for the charged crimes. After opposition by defendant, County Court permitted the evidence. During trial, McNeal testified for the People that he had a child with Regina Dukes in 2008 and that he and Dukes broke up a few months later. McNeal recounted the contentious relationship between the two in the years that followed, where they often quarreled over McNeal's visitation with their child. McNeal testified specifically about an incident when, after Dukes and an unidentified man denied him visitation, McNeal threw a brick through Dukes' window at the man. Thereafter, in September 2009, McNeal was approached on the street by a man on a bicycle who informed McNeal that he was Dukes' boyfriend and warned McNeal not to contact Dukes and to leave their child out of the picture. McNeal identified this man as defendant and testified that, during this encounter, he showed McNeal a handgun concealed in his pants. McNeal also revealed that, the morning of the bus stop shooting, he obtained a favorable custody determination from Family Court against Dukes, who demonstrated disapproval to the judge. Given the People's explicit theory that the charged crimes were related to the longstanding custody dispute between Dukes and McNeal, this testimony was admissible to show intent, motive and identity (see People v Rizvi, 126 AD3d 1172, 1173-1174 [2015], lv denied 25 NY3d 1076 [2015]; People v Doyle, 48 AD3d 961, 963-964 [2008], lv denied 10 NY3d 862 [2008]; People v Williams, 25 AD3d 875, 876 [2006], lv denied 6 NY3d 854 [2006]).
However, we agree with defendant that County Court abused its discretion by denying his request to present an alibi witness. Pursuant to CPL 250.20 (3), "[i]f at the trial the defendant calls such an alibi witness without having served the demanded notice of alibi, . . . the court may exclude any testimony of such witness relating to the alibi defense." Precluding a criminal defendant from proffering evidence in support of his or her own case implicates the Compulsory Process Clause of the Sixth Amendment (see Taylor v Illinois, 484 US 400, 407-409 [1988]; [*3]People v Brown, 107 AD3d 1145, 1147-1148 [2013], lv denied 22 NY3d 1039 [2013]; People v Kelly, 288 AD2d 695, 697 [2001], lv denied 97 NY2d 756 [2002]), and, although CPL 250.20 (3) explicitly states that the trial court's decision to permit a late notice of alibi is discretionary, preclusion is only an appropriate penalty "in the most egregious circumstances" (People v Brown, 274 AD2d 609, 610 [2000]; accord People v Kelly, 288 AD2d at 697; see People v LeFebvre, 45 AD3d 1175, 1176 [2007]). When a defendant's "omission was willful and motivated by a desire to obtain a tactical advantage that would minimize the effectiveness of cross-examination and the ability to adduce rebuttal evidence, it would be entirely consistent with the purposes of the Compulsory Process Clause simply to exclude the witness'[s] testimony" (Taylor v Illinois, 484 US at 415; see People v Kelly, 288 AD2d at 697).
Here, the record is devoid of any evidence that defense counsel's failure to provide earlier notice of defendant's alibi witness was willful or intended to gain a tactical advantage (see Taylor v Illinois, 484 US at 415). To the contrary, defense counsel's argument to County Court showed that, although defendant did not serve an alibi notice in response to the People's demand for same, defendant did not intend to call an alibi witness except that the People — knowing that defendant had testified to having an alibi during the grand jury but that he had not presented that defense at trial — directly elicited testimony from Dukes about what defendant was doing on the night of the shooting. In response to follow-up questions by the People, Dukes provided the alibi witness's first name and generally discussed that defendant was friends with this person. The People's question regarding what defendant was doing the night of the shooting was the first reference to defendant's alibi during the trial, and defendant thereafter sought permission to call his friend Ramel Steward as a witness for the first time. The People, despite raising and pursuing this line of questioning, objected because defendant had not served an alibi notice. Defendant argued that the People opened the door and created the issue and, as a result, defendant should not be precluded from calling Steward. We agree. Therefore, we find that County Court violated defendant's constitutional right to present a defense and, as such, abused its discretion by precluding defendant from calling Steward as an alibi witness (see People v Green, 70 AD3d 39, 45 [2009]; People v Cruz, 50 AD3d 490, 491-492 [2008]; People v Brown, 274 AD2d at 610).
Nor do we find that this error was harmless beyond a reasonable doubt inasmuch as there is a reasonable possibility that the absence of an alibi witness contributed to the conviction (see People v Crimmins, 36 NY2d 230, 237 [1975]; People v Harris, 162 AD3d 1240, 1243 [2018], lv denied 32 NY3d 937 [2018]; People v Anatriello, 161 AD3d 1383, 1388 [2018], lv denied 31 NY3d 1144 [2018]). The People's case, at least until they obtained a recording of defendant's telephone conversation purportedly evincing that he confessed to the crime, was entirely grounded upon McNeal's identification, which was not without inconsistencies. Importantly, McNeal's testimony regarding the incident differed from the other two men who were at the bus stop with him during the shooting, not only as to whether McNeal identified the shooter during the incident, but also in how many gun shots were fired. Additionally, the testimony adduced at trial revealed a contentious relationship between McNeal and Dukes such that it would not have been unreasonable for the jury to discredit McNeal's testimony given his possible bias against defendant. Also, inasmuch as the People relied upon a recording of defendant's jailhouse telephone call, defendant's statement during the call that the witness could not see his face may have been an unartful attempt at describing the testimony proffered during the previous day of trial, not a confession. Therefore, given that the People's case turned on the credibility of McNeal and an equivocal recording of defendant created during trial, defendant's alibi plainly could have impacted the outcome of trial and, consequently, the preclusion of this [*4]testimony was not harmless (see People v Green, 70 AD3d at 45-46; People v Collins, 30 AD3d 1079, 1080 [2006], lv denied 7 NY3d 811 [2006]; People v Brown, 274 AD2d at 610). Accordingly, the judgment of conviction must be reversed, and the case remitted for a new trial. In light of this determination, defendant's remaining arguments and the appeals from the denial of the CPL article 440 motions are rendered academic.
Garry, P.J., Lynch, Devine and Aarons, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Schenectady County for a new trial.
ORDERED that appeals from the orders entered April 16, 2013 and June 22, 2017 are dismissed, as academic.