■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD FRASER, Appellant.—Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered March 28, 1990, convicting defendant, after jury trial, of murder in the second degree and criminal possession of a weapon in the fourth degree, and sentencing him to concurrent terms of imprisonment of 20 years to life and 6 months, respectively, unanimously affirmed.

Evidence at trial was that the victim (defendant's girlfriend) was last seen alive by a woman with whom she shared a two-bedroom apartment at approximately 4:00 A.M. on July 28, 1988, when the victim joined defendant in her bedroom. At approximately 6:00 A.M. defendant was seen by a neighbor as he ran from the apartment building, carrying a long, thin object.

When the victim's apartment mate was unsuccessful in attempts to rouse her by knocking on the door of her locked bedroom at approximately 7:30 A.M. the apartment mate enlisted the aid of her son to trip the door lock. The victim was found face down on the floor, with a stab wound to the heart. Blood identified as that of the victim was found on her bed linen. There was no sign of forced entry, defendant was nowhere in sight, photographs of defendant that the victim had possessed were missing, and contemporaneous police attempts to locate defendant proved fruitless.

Defendant testified that he indeed had left the apartment building at a run at approximately 6:00 A.M. on the day in question, but that the victim was alive at that time, and the moment of his haste was to catch a bus. He also testified that he absented himself from his usual places of association, changed his hairstyle, and essentially remained hidden in his mother's apartment for approximately six months until his arrest on January 16, 1989, because he knew that he had been accused of murder and was afraid of the police and the victim's father, a policeman.

Viewing this evidence in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the jury's determination of defendant's guilt beyond a reasonable doubt of murder in the second degree and criminal possession of a weapon in the fourth degree, properly charged by the trial court in the context of circumstantial evidence standards, was amply supported *(People v Bleakley,* 69 NY2d 490).

Defendant failed to object to the trial court's jury charge on intent, and thus failed to preserve the issue for appellate review as a matter of law (CPL 470.05). In any event, the charge as a whole conveyed the appropriate legal standards, including the People's absolute obligation to prove beyond a reasonable doubt the specific element of intent applicable to each crime charged which, in these circumstances, reasonably included instruction that the jury "may consider" evidence of behavior which "can be" a manifestation of mental process *(see, e.g., People v Thomas,* 50 NY2d 467).

We perceive no abuse of discretion in sentencing *(see, People v Farrar,* 52 NY2d 302). Concur—Murphy, P. J., Carro, Wallach, Ross and Smith, JJ.