■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEVILLE JONES, Appellant. [608 NYS2d 80] —Judgment, Supreme Court, New York County (Jay Gold, J.), rendered December 10, 1991, which convicted defendant, after a jury trial, of assault in the first degree and sentenced him to a term of 4 to 12 years, unanimously affirmed.

Viewing the evidence adduced at trial in a light most favorable to the prosecution and giving it the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the evidence was sufficient to support the conviction. The People proved that defendant stabbed the victim in the neck and his intent to cause serious physical injury was readily inferrable from his actions. *(People v Bracey,* 41 NY2d 296, 301.) Moreover, upon an independent review of the facts, the verdict was not against the weight of the evidence. *(People v Bleakley,* 69 NY2d 490.) Furthermore, the evidence was legally sufficient to disprove defendant's justifica-

tion defense beyond a reasonable doubt. In this regard, the jury's determinations regarding credibility and the proffered defense were supported by the record. *(People v Vladymir G.,* 194 AD2d 391.)

Defendant's claim that the court erred in denying his motion to set aside the verdict without a hearing on the basis that racial prejudice allegedly played a significant role during the jury's deliberations is unpreserved as defendant never requested a hearing on this issue. Nor did defendant's motion allege that the verdict was tainted by racial prejudice. In any event, the claim of racial prejudice is utterly without support.

The court did not abuse its discretion in imposing sentence. *(People v Farrar,* 52 NY2d 302, 305.) Concur—Sullivan, J. P., Carro, Rosenberger and Wallach, JJ.