■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE LABOY, Appellant. [680 NYS2d 199] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered January 17, 1996, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the credibility determinations of the jury. As this Court has repeatedly held, contrary to defendant's "masked repugnancy" argument (see, People v Downing, 225 AD2d 391, lv denied 88 NY2d 965), an acquittal on a sale count does not

necessarily undermine the sufficiency or weight of the evidence supporting a conviction on a possession with intent to sell count (*see, People v Vaughn,* 242 AD2d 458, *lv denied* 91 NY2d 837). Contrary to defendant's argument, the principle of collateral estoppel is inapplicable to verdicts reached in a single trial (*United States v Powell,* 469 US 57, 58; *Ohio v Johnson,* 467 US 493, 500, n 9).

The court's charge on intent, viewed as a whole, conveyed the proper standards (*see, People v Fraser,* 181 AD2d 425, 426, *lv denied* 79 NY2d 1000).

Defendant's challenges to the court's credibility and reasonable doubt charges are unpreserved, and we decline to review them in the interest of justice. Were we to review them, we would find that those charges adequately conveyed the appropriate principles.

We perceive no abuse of sentencing discretion. Concur—Ellerin, J. P., Williams, Mazzarelli and Andrias, JJ.