■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST BARNES, Appellant. [695 NYS2d 362] —Judgment, Supreme Court, New York County (Richard Andrias, J., on dismissal motion; Charles Tejada, J., at jury trial and sentence), rendered May 9, 1996, convicting defendant of manslaughter in the first degree, and sentencing him to a term of 8⅓ to 25 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant stabbed the deceased in the abdomen with great force, perforating the liver and cutting several blood vessels. In these circumstances, defendant's intent to cause serious physical injury was readily inferable from his actions (*see, People v Askerneese*, 256 AD2d 34, *affd* 93 NY2d 884; *People v Jones*, 200 AD2d 383, *lv denied* 83 NY2d 854).

Viewed in the light most favorable to defendant, there is no reasonable view that defendant acted recklessly and did not intend to cause serious physical injury, and thus the court properly refused to charge second-degree manslaughter as a lesser included offense. While it is true that the circumstance that an act was deliberate does not necessarily preclude a finding of recklessness (*see, People v Heide*, 84 NY2d 943), here, there simply was no evidence of recklessness. Nothing in the evidence undermined the inference that, when defendant deliberately stabbed the deceased, he did so with intent to cause, at least, serious physical injury, a natural consequence of such act. Defendant's case did not support a charge of recklessness since his witness testified that defendant never struck the victim at all (*People v David*, 187 AD2d 396, *lv denied* 81 NY2d 884). The People's evidence that defendant strode up to the deceased, who was arguing with defendant's girlfriend from a distance, and without warning, forcefully stabbed him, negated any theory of recklessness (*see, People v Dabney*, 231 AD2d 431, *lv denied* 89 NY2d 920).

The court properly denied defendant's motion to dismiss the indictment; the prosecutor was not required to present evi-

dence of defendant's exculpatory statements to the Grand Jury (*see*, *People v Mitchell*, 82 NY2d 509).

We perceive no abuse of discretion in sentencing. Concur—Sullivan, J. P., Nardelli, Wallach and Buckley, JJ.