■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIONEL HOWARD, Appellant. [878 NYS2d 166]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered November 14, 2006, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the adjudication of the defendant as a persistent violent felony offender; as so modified, the judgment is affirmed.

The supplemental instruction on intent given by the Supreme Court was a meaningful response which adequately conveyed the relevant legal principles (*see People v Steinberg,* 79 NY2d 673, 684 [1992]; *People v Malloy,* 55 NY2d 296, 301 [1982], *cert denied* 459 US 847 [1982]; *People v Bryant,* 13 AD3d 1170 [2004]; *People v Wise,* 204 AD2d 133, 134-135 [1994]; *People v Fraser,* 181 AD2d 425 [1992]; *People v Barnes,* 265 AD2d 169 [1999]; *People v Jones,* 229 AD2d 597 [1996]; CPL 310.30), and did not shift the burden of proof (*cf. Sandstrom v Montana,* 442 US 510, 515 [1979]; *People v Getch,* 50 NY2d 456, 465 [1980]). Accordingly, defense counsel's failure to object to the supplemental charge did not deny the defendant the effective assistance of counsel (*see People v Benevento,* 91 NY2d 708, 712 [1998]; *People v Baldi,* 54 NY2d 137, 147 [1981]).

Any prejudice suffered by the defendant from the improper summation comment by the prosecutor regarding extreme emotional disturbance was ameliorated by the court's instructions (*see People v Svanberg,* 293 AD2d 555 [2002]; *People v Rivera,* 142 AD2d 614 [1988]), and did not deprive the defendant of a fair trial (*see People v Roopchand,* 107 AD2d 35, 36 [1985]). The defendant's remaining challenges to comments made by the prosecutor during summation are unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, either the challenged comments constituted fair comment on the evidence (*see People v Galloway,* 54 NY2d 396 [1981]; *People v Ashwal,* 39 NY2d 105 [1976]), or any prejudice suffered by the defendant was ameliorated by the court's instructions (*see People v Svanberg,* 293 AD2d at 555), and did not deprive the defendant of a fair trial (*see People v Roopchand,* 107 AD2d at 36, *affd* 65 NY2d 837 [1985]).

Although the Supreme Court improperly adjudicated the defendant a persistent violent felony offender (*see* Penal Law

§ 70.02 [1]; § 70.08 [1] [a]), under the circumstances present here, resentencing is not warranted. The Supreme Court noted that the adjudication did not change the applicable sentencing structure, heard argument referencing the correct minimum and maximum sentences for murder in the second degree, and properly considered the defendant's prior criminal history, the circumstances of the crimes charged, and the purpose of the penal sanction in rendering sentence (*see People v Farrar,* 52 NY2d 302, 305 [1981]; *People v Suitte,* 90 AD2d 80, 83 [1982]). Accordingly, the adjudication is vacated, but the sentence remains. Spolzino, J.P., Florio, Covello and Eng, JJ., concur.