■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIQUE RIVERA, Appellant. [953 NYS2d 160]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered June 8, 2009, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was indicted on charges of, inter alia, murder

in the second degree (Penal Law § 125.25 [1]), arising from a barroom confrontation that resulted in a stabbing death. At trial, two of the People's witnesses testified that the defendant exchanged words with the victim and suddenly "punched" him twice in the area of his left chest and left shoulder. The defendant and a friend ran out of the bar, and shortly thereafter, the victim exclaimed that he had been stabbed. The People introduced into evidence the defendant's pretrial statement given to law enforcement officials upon his waiver of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]), in which he claimed that he took out a knife and "started swinging at the crowd" because he was scared, but he did not know he had actually hit someone. A forensic pathologist testified that the victim died of a five-inch deep stab wound in his upper left chest which penetrated a rib and the left lung, and also sustained shallower wounds to his upper left back and the back of his left shoulder. All of the wounds had a downward trajectory and required some force to inflict.

In his defense, the defendant testified that he was with his brother and two other friends at the bar and they had been drinking. He further testified that the victim threatened him and he punched the victim. He claimed he did not have a knife, and he repudiated his pretrial statement, testifying that the police coerced him into making that statement by threatening to charge his brother with murder.

The Supreme Court submitted to the jury the indicted charge of murder in the second degree (Penal Law § 125.25 [1] [intentional murder]), as well as two charges requested by the defendant: the lesser-included offense of manslaughter in the first degree (Penal Law § 125.20 [1] [manslaughter with the intent to cause serious physical injury]), and intoxication evidence as relevant to negate the element of intent under either murder in the second degree or manslaughter in the first degree (Penal Law § 15.25). The court denied the defendant's request to charge the lesser-included offense of manslaughter in the second degree (Penal Law § 125.15 [1] [recklessly causing the death of another person]). After deliberations, the jury found the defendant guilty of manslaughter in the first degree. The defendant appeals, contending, among other things, that the Supreme Court erred in denying his request to charge manslaughter in the second degree.

A court is authorized to submit to the jury a lesser-included offense in the alternative to the greatest offense "if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not

commit the greater" (CPL 300.50 [1]; *see People v Butler*, 84 NY2d 627, 631 [1994]). "If the record demonstrates . . . some . . . rational basis on which the jury might reasonably discredit the proof which would establish defendant's commission of the greater crime, yet accept that of guilt of the lesser, then the statute compels submission of the lesser offense if requested" (*People v Scarborough*, 49 NY2d 364, 371 [1980]). However, "[i]f there is no reasonable view of the evidence which would support such a finding, the court may not submit such lesser offense" (CPL 300.50 [1]).

Viewing the evidence in the light most favorable to the defendant (*see People v Martin*, 59 NY2d 704, 705 [1983]), we find that there was no reasonable view of the evidence that would support a finding that the defendant acted recklessly when he stabbed the victim (*see People v Pizarro*, 89 AD3d 871 [2011]; *People v Lopez*, 72 AD3d 593, 593-594 [2010]; *People v Barnes*, 265 AD2d 169 [1999]; *People v Porter*, 161 AD2d 811 [1990]). Accordingly, the Supreme Court properly denied the defendant's request to charge manslaughter in the second degree.

The sentence imposed was not excessive (*see People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80, 85-86 [1982]). Rivera, J.P., Angiolillo, Chambers and Roman, JJ., concur.