THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD POWELL, Appellant. [5 NYS3d 445]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Hubert, J.), rendered February 28, 2013, convicting him of murder in the first degree, burglary in the second degree, grand larceny in the third degree (two

counts), criminal possession of stolen property in the third degree (two counts), criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly concluded that the initial statements he made to law enforcement officials at the police station before *Miranda* warnings were given (*see Miranda v Arizona*, 384 US 436 [1966]) were spontaneous and not triggered by any police questioning or other conduct which could reasonably have been expected to elicit a declaration from him (*see People v Barley*, 82 AD3d 996 [2011]; *People v Castro*, 73 AD3d 800, 801 [2010]). The court also properly concluded that the defendant's subsequent, additional statements to law enforcement officials at the police station were made after he knowingly and voluntarily waived his *Miranda* rights (*see People v Valverde*, 13 AD3d 658, 659 [2004]), and were sufficiently attenuated from the pre-*Miranda* statements he made on the street (*see People v Paulman*, 5 NY3d 122, 130 [2005]), which the court ruled were the result of a custodial interrogation and, thus, inadmissible at trial.

The defendant contends that the evidence was legally insufficient to support his conviction of murder in the first degree, since the People failed to prove that he acted with intent to kill the victim, and was legally insufficient to support his conviction of burglary in the second degree. The defendant's contention regarding the conviction of murder in the first degree is not preserved for appellate review, since the defendant failed to specifically challenge the element of intent to kill when he moved for a trial order of dismissal (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we find that it was legally sufficient to establish the defendant's guilt as to those crimes beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt of those crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the Supreme Court should have charged the jury on manslaughter in the first degree as a lesser-included offense of murder in the first degree and crimi

nal trespass as a lesser-included offense of burglary in the second degree is without merit (*see People v Cuesta*, 103 AD3d 913, 915-916 [2013]; *People v Moreno*, 16 AD3d 438 [2005]). Viewed in the light most favorable to the defendant (*see People v Martin*, 59 NY2d 704, 705 [1983]), there is no reasonable view of the evidence which would support findings that the defendant committed the lesser, but not the greater, offenses (*see generally* CPL 300.50 [1]; *People v Rivera*, 23 NY3d 112, 120-121 [2014]).

The Supreme Court properly precluded the defendant from presenting evidence of third-party culpability, since the proposed evidence was based on mere speculation (*see People v Gamble*, 18 NY3d 386, 399 [2012]; *People v Primo*, 96 NY2d 351, 357 [2001]).

Contrary to the defendant's contention, the Supreme Court's response to the jury's note regarding clarification of the element of intent as to the murder count was meaningful (*see* CPL 310.30; *People v Howard*, 61 AD3d 993, 994 [2009]).

The record does not support the defendant's contention that the Supreme Court improperly took into consideration uncharged crimes in imposing sentence (*see People v Dyson*, 200 AD2d 756 [1994]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Balkin, J.P., Chambers, Hinds-Radix and Maltese, JJ., concur.