■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VICTOR GIFFORD, Appellant.— Defendant appeals from a judgment of conviction on November 26, 1954, of the crime of assault in the second degree in the County Court of Warren County. The indictment charged defendant with an assault on the person of one Carl White by stabbing him with a pocket knife. Upon a jury trial defendant was found guilty of the offense charged. The evidence clearly established the guilt of defendant, and it is not contended on this appeal that the evidence was insufficient. At the commencement of the trial the court, upon motion of defendant, ordered all witnesses excluded from the court room "who were present at the time of the altercation." It later developed upon cross-examination of a witness for the People that the witness did not leave the courtroom, apparently because the witness did not understand that the exclusion order was applicable to her. Over objections the witness was permitted to testify, and defendant contends that this is reversible error. The granting of the order of exclusion in the first place was discretionary. (People v. Cooke, 292 N. Y. 185.) A violation of the order does not render a witness incompetent, although it may subject him to punishment for contempt of court. (3 Wharton on Criminal Evidence [12th ed.], § 840; Richardson on Evidence [5th ed.], § 541.) We do not think it was error to receive the testimony of this witness, and especially when the jury were permitted to consider the fact that she remained in the courtroom as affecting her credibility. The other ground of reversal urged by defendant is that his counsel was forced to consent or refuse in open court in the presence of the jury permission for the jury to take the exhibits in the case to the jury room. Even if compelling such an election be error (which we do not decide), it does not appear that any such election was compelled here. Following the charge of the court and during a discussion relating to the manner of selecting a foreman of the jury, the District Attorney said: "What about the exhibits?" There was no reply to this inquiry or any further comment by anyone, and the jury retired without any further comment whatever relating to exhibits. The jury did not take the exhibits to the jury room. This incident cannot be considered prejudicial to the rights of the defendant. Judgment of conviction unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.