■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY LLOYDE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered February 10, 1984, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

At the conclusion of the defendant's case, he requested the opportunity to call his mother to the stand so that she could testify that it was her decision for him to leave the jurisdiction, since she believed that defendant's life was in danger. The court denied the request because, at the commencement of the trial, defendant's parents had made a choice to attend the trial against the court's order to exclude witnesses. In so ruling, the court ignored the fact that defendant's mother actually only attended the first day of the trial, that she was offering to give testimony only on the limited issue of defendant's flight from the State's jurisdiction, and that no testimony concerning this issue was received during the first day.

While granting an order excluding witnesses from observing the trial is generally within the court's discretion (*People v Cooke,* 292 NY 185; *People v Gifford,* 2 AD2d 634), under the circumstances of this case, the court should have allowed the defendant's mother to testify despite her violation of the order. Defendant had a fundamental right to call witnesses in his own behalf (*Chambers v Mississippi,* 410 US 284; *People v Daly,* 98 AD2d 803; *People v Gilliam,* 37 NY2d 722, revg 45 AD2d 744 on dissenting opn of Hopkins, J.). In the case at bar, defendant's mother would have offered testimony concerning defendant's flight in order to negate an inference of guilt. Although she failed to heed the court's exclusion order, such failure did not render her testimony incompetent, especially when the jury

could have considered the fact that she failed to abide by the order as a factor in determining her credibility (*People v Gifford, supra*). Furthermore, the prosecutor failed to show how the People would have been prejudiced by having defendant's mother testify (see *United States v Vario,* 484 F2d 1052, cert den 414 US 1129). Thus, defendant's mother should have been allowed to testify.

However, in this case the error was harmless. Although defendant's mother's testimony would not have been identical to other testimony by the defense, defendant and his brother did provide explanations negating the inference of guilt from defendant's flight. Furthermore, the proof that defendant shot the deceased was overwhelming and there is no significant probability that the issue of defendant's flight had any bearing on the jury's verdict (*People v Crimmins,* 36 NY2d 230; *People v Daly, supra*).

We further find that the trial court's denial of defendant's requests to charge were proper. Upon review of the record, there is no reasonable view of the evidence that would have warranted the trial court to submit the crimes of manslaughter in the second degree and criminally negligent homicide to the jury for its consideration as lesser included offenses (CPL 300.50; see *People v Blim,* 63 NY2d 718; *People v Scarborough,* 49 NY2d 364). Weinstein, J. P., Brown, Rubin and Eiber, JJ., concur.