■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CODY, Appellant.—Judgment unanimously affirmed. Memorandum: None of the issues raised by defendant on appeal requires reversal. The trial court properly exercised its discretion in curtailing the cross-examination of the complaining witness. The trial court sustained the prosecutor's objection to defense counsel's question whether the complainant had been arrested following a certain incident. The court also precluded defense counsel from asking the complainant whether he was offered a reduced plea in an unrelated matter to induce him to testify against defendant. In light of the facts known to defense counsel, there was no good faith basis for that question. Moreover, defendant was permitted to bring out all of the facts concerning the reduced plea offered to the complainant, and no prejudice accrued to defendant because the court sustained the objection to the one question.

The trial court did not err in permitting the prosecutor's rebuttal witness to testify even though she was present in the courtroom during the testimony presented by the defense. The parties had stipulated to the exclusion of witnesses from the courtroom. The violation of the stipulation in this case did not render the witness incompetent *(see, People v Rivera,* 182 AD2d 1092 [decided herewith]; *People v Gifford,* 2 AD2d 634; *see also,* Richardson, Evidence § 462 [Prince 10th ed]).

We have reviewed the other issues raised by defendant in both his main and supplemental *pro se* briefs and we find them also to be without merit. (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.—Robbery, 2nd Degree.) Present—Boomer, J. P., Pine, Lawton, Boehm and Davis, JJ.