■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS GONZALEZ, Also Known as MALENO VENTURA, Appellant. [677 NYS2d 794] —Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered May 2, 1996, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 19 years to life, unanimously affirmed.

The court properly denied defendant's application to recall a prosecution witness to elicit the sentence received by the witness in his own pending cause, since the record demonstrates that, on cross-examination, defendant was allowed to make a broad inquiry into the circumstances of the witness's plea, and whether any condition had been attached to it related to the witness's testimony (*see, People v Roth*, 30 NY2d 99). Since counsel had already challenged the witness's credibility by suggesting that the witness may have hoped that he would obtain a more favorable sentence in return for testifying, the court properly exercised its discretion to limit impeachment evidence where the testimony as to the sentence ultimately received might have been confusing, prejudicial, and marginally relevant (*see, Delaware v Van Arsdall*, 475 US 673, 678-679). In any event, were we to find the court's ruling to be in error, such error would be harmless (*see, People v Stridiron*, 33 NY2d 287). Concur—Lerner, P. J., Wallach, Rubin and Saxe, JJ.