■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN PALMER, Appellant. [709 NYS2d 716] —Judgment unanimously reversed on the law and new trial granted on counts 8, 9 and 13 of the indictment. Memorandum: On appeal from a judgment convicting him after a jury trial of two counts of rape in the first degree (Penal Law §§ 20.00, 130.35 [1]) and one count of endangering the welfare of a child (Penal Law §§ 20.00, 260.10), defendant contends that County Court committed reversible error by precluding the testimony of a defense witness who was in the courtroom during the testimony of a prosecution witness. We agree. The court precluded the testimony based on "a mutual order of sequestration that is just standard material here * * * [and that is] a standing order that I have and everybody knows applies." No sequestration order appears in the record. A defendant has a fundamental right to call witnesses in his own behalf (*see, People v Lloyde*, 106 AD2d 405, citing *Chambers v Mississippi*, 410 US 284; *see also, People v Arroyo*, 162 AD2d 337, 339, *affd* 77 NY2d 947, *rearg denied* 78 NY2d 952), and here the court determined that the defense witness did not willfully violate its standing order. In addition, in assessing the credibility of the defense witness, the jury could have considered the fact that she was present in the courtroom during the testimony of certain prosecution witnesses (*see, People v Gifford*, 2 AD2d 634; *cf., People v Lloyde, supra*, at 405-406). "Furthermore, the prosecutor failed to show how the People would have been prejudiced by having [the witness] testify" (*People v Lloyde, supra*, at 406). The court's erroneous preclusion of the testimony of the defense witness does not constitute harmless error. Defendant was acquitted of 11 of the 14 charges, and the witness was expected to provide testimony favorable to defendant. Thus, it cannot be said that the error is harmless beyond a reasonable doubt (*see, People v Crimmins*, 36 NY2d 230, 237).

Contrary to the contention of defendant, the verdict finding him guilty of two counts of rape and acquitting him of two counts of rape with respect to the same victim is not repugnant

(*see, People v Tucker,* 55 NY2d 1, 6-8, *rearg denied* 55 NY2d 1039), nor is the prohibition against double jeopardy implicated (*cf., People v McNab,* 167 AD2d 858). The indictment charged defendant with four acts of rape in sequential order, the victim testified to four specific acts in sequential order, and defendant was found guilty of the first two acts. (Appeal from Judgment of Monroe County Court, Bristol, J.—Rape, 1st Degree.) Present—Pine, J. P., Hayes, Kehoe and Lawton, JJ.