■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM COREY JACKSON, Appellant. [731 NYS2d 419] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of burglary in the first degree (Penal Law § 140.30 [1], [2]). County Court properly allowed the People to amend counts two and three of the indictment charging burglary in the first degree by including the phrase "or another participant in the crime." It is well established that liability as a principal or an accomplice is not an element of the crime charged and that the People may charge defendant as a principal but establish his guilt as an accomplice (*see, People v Rivera,* 84 NY2d 766, 769; *People v Guidice,* 83 NY2d 630, 637). The contention of defendant that the court committed reversible error by failing to charge the jury on the issue of accomplice liability is not preserved for our review (*see,* CPL 470.05 [2]) and in any event lacks merit.

We reject the contention of defendant that he was denied effective assistance of counsel. Viewing the evidence, the law,

and the circumstances of this case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147). Although defendant failed to preserve for our review his contention that the verdict is repugnant (*see, People v Crisler,* 278 AD2d 887, 888), we exercise our power to review that contention as a matter of discretion in the interest of justice and conclude that defendant's acquittal of the assault charges negated a necessary element of burglary in the first degree under count three of the indictment (*see generally, People v Hicks,* 134 AD2d 909, *lv denied* 70 NY2d 956, *lv dismissed* 70 NY2d 1007). We therefore modify the judgment as a matter of discretion in the interest of justice by reversing defendant's conviction of burglary in the first degree under count three of the indictment, vacating the sentence imposed thereon and dismissing that count of the indictment. In view of our determination, we do not address defendant's remaining contention concerning the third count of the indictment. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Burglary, 1st Degree.) Present—Pigott, Jr., P. J., Pine, Wisner, Burns and Lawton, JJ.