■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW SVANBERG, Appellant. [739 NYS2d 837] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Copertino, J.), rendered October 2, 2000, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his application to recall a prosecution witness as part of his direct case. Although a defendant has a fundamental right to call witnesses on his own behalf (*see People v Palmer,* 272 AD2d 891; *People v Arroyo,* 162 AD2d 337, 339, *affd* 77 NY2d 947; *People v Lloyde,* 106 AD2d 405), where, as here, the record demonstrates that the defendant had a full and fair opportunity to re-cross-examine the witness following the People's redirect, the application was properly denied (*see People v Gonzalez,* 254 AD2d 5; *People v Taylor,* 231 AD2d 945).

Moreover, the prosecutor's summation did not "demonstrate a persistent, egregious course of conduct that was deliberate and reprehensible" (*People v Rudolph,* 161 AD2d 115, 116), and the court issued curative instructions after each statement to which there was an objection, thereby dispelling any alleged prejudice (*see People v Rivera,* 142 AD2d 614, 615; *People v West,* 137 AD2d 855, 857, *affd* 72 NY2d 941). In any event, in light of the overwhelming evidence of the defendant's guilt, any errors were harmless (*see People v Crimmins,* 36 NY2d 230).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Feuerstein, J.P., O'Brien, Luciano and Townes, JJ., concur.