in light of the foregoing determination. Ritter, J.P., Santucci, Covello and Carni, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN TAUBENKRAUT, Appellant. [849 NYS2d 896]—Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered May 5, 2005, convicting him of grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions regarding the sentence imposed on a separate conviction of bail jumping in the second degree under Orange County Superior Court information No. 02388-2005, also rendered May 5, 2005, upon his plea of guilty, as well as his contention regarding the alleged ineffectiveness of counsel with respect thereto, are not properly before this Court as the defendant never filed a notice of appeal from that judgment of conviction (*see People v Pagan*, 27 AD3d 580, 581 [2006]; *People v Park*, 203 AD2d 596 [1994]).

The defendant's contention that the court failed to fulfill its sentencing promise is unpreserved for appellate review (*see People v Marinaro*, 45 AD3d 867 [2007]; *People v Lewis*, 216 AD2d 328 [1995]). In any event, the record reveals that the sentence actually imposed was the promised sentence.

The defendant's valid and unrestricted waiver of the right to appeal, as part of his plea agreement, precludes appellate review of his claims that the sentence imposed was excessive (*see People v Ramos*, 7 NY3d 737 [2006]; *People v Lopez*, 6 NY3d 248 [2006]; *People v Seaberg*, 74 NY2d 1 [1989]), and that he received the ineffective assistance of counsel (*see People v Dixon*, 41 AD3d 861, 862 [2007]; *People v Demosthene*, 2 AD3d 874 [2003]). To the extent the defendant contends that his counsel was ineffective such that the voluntariness of his plea was affected, this contention is without merit (*see Hill v Lockhart*, 474 US 52, 59 [1985]; *Strickland v Washington*, 466 US 668, 687 [1984]; *People v McDonald*, 1 NY3d 109, 113-115 [2003]). Prudenti, P.J., Skelos, Miller, Covello and McCarthy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY TORRES, Appellant. [851 NYS2d 55]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (DiMango, J.), imposed May 22, 2006, on the ground that the sentence is excessive.

Ordered that the sentence is affirmed. No opinion. Prudenti, P.J., Spolzino, Dillon and McCarthy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK VALLETUTTI, Appellant. [852 NYS2d 213]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered October 27, 2005, convicting him of criminally negligent homicide and leaving the scene of an incident without reporting, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant correctly contends that the New York City Police Department (hereinafter the police) improperly refused to execute an order issued by the trial court directing them to arrest a potential witness (*see* CPL 620.30 [2] [b]). Furthermore, once the trial court was made aware of that failure, it should have admitted the statement made by that witness to the police (*see generally People v Geraci,* 85 NY2d 359, 366-368 [1995]).

However, under the circumstances of this case, the defendant was not prejudiced by the absence of that witnesses's testimony (*see People v Daly,* 64 NY2d 970, 971 [1985]; *People v Cancel,* 176 AD2d 748, 749 [1991]). That witness's potential testimony bore only on the credibility of the defendant on a collateral matter. The defendant's own trial testimony, even if completely believed, established his guilt beyond a reasonable doubt of criminally negligent homicide and leaving the scene of an incident without reporting. Thus, any error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that any error contributed to the defendant's convictions (*see People v Crimmins,* 36 NY2d 230, 241-242 [1975]; *People v Kavazanjian,* 16 AD3d 437 [2005]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contention concerning alleged prosecutorial misconduct is unpreserved for appellate review. In any event, any such misconduct did not deprive the defendant of a fair trial. Spolzino, J.P., Skelos, Florio and Angiolillo, JJ., concur.