■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AKO BOWEN, Appellant. [889 NYS2d 645]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Guidice, J.), rendered February 21, 2008, convicting him of attempted murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court deprived him of his right to present a defense by prospectively excluding testimony of two defense witnesses is without merit. "[A]n accused's right to cross-examine witnesses and present a defense is not absolute" (*People v Williams,* 81 NY2d 303, 313 [1993]). "It is well established that the trial courts have broad discretion to keep the proceedings within manageable limits and to curtail exploration of collateral matters" (*People v Hudy,* 73 NY2d 40, 56 [1988]; *see People v Carroll,* 95 NY2d 375, 385 [2000]; *People v Cancel,* 176 AD2d 748 [1991]). The trial court has wide latitude to exclude evidence that is "repetitive . . . , only marginally relevant or poses an undue risk of . . . confusion of the issues" (*Crane v Kentucky,* 476 US 683, 689-690 [1986] [internal quotation marks omitted]). Under the circumstances of this case, the trial court providently exercised its discretion in excluding the proffered testimony because it was repetitive and collateral, and posed an undue risk of confusion of the issues (*see People v DeBerry,* 17 AD3d 480 [2005]; *People v Celifie,* 287 AD2d 465, 466 [2001]; *People v Cancel,* 176 AD2d 748 [1991]; *see also People v Young,* 295 AD2d 631 [2002]).

Contrary to the People's argument, the defendant preserved his contentions that the prosecutor made improper remarks during summation and otherwise engaged in misconduct during the trial, because the defendant made his position regarding these objections known to the trial court (*see* CPL 470.05 [2]; *cf. People v Gillespie,* 36 AD3d 626, 627 [2007]). However, the defendant's contentions are without merit. The challenged remarks and conduct were either responsive to arguments made by defense counsel, constituted fair comment on the evidence, or otherwise did not deprive the defendant of a fair trial (*see People v Dunn,* 54 AD3d 871 [2008]; *People v Olivo,* 23 AD3d 584 [2005]). Mastro, J.P., Belen, Hall and Austin, JJ., concur.