■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK R. NILSEN, Appellant. [915 NYS2d 781]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered March 15, 2007. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the second degree, sexual abuse in the third degree and endangering the welfare of a child (four counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, sexual abuse in the second degree (Penal Law § 130.60 [2]) and four counts of endangering the welfare of a child (§ 260.10 [1]), defendant's sole contention is that the verdict is against the weight of the evidence. We reject that contention. We note that the reasons proffered by defendant concerning the motivations of the three victims to fabricate their accusations against him are plausible, and that a different verdict therefore would not have been unreasonable (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Nevertheless, issues relating to the credibility of witnesses are best resolved by the jury, which is able to see and hear the witnesses (*see generally People v Lane*, 7 NY3d 888, 890 [2006]; *People v Ange*, 37 AD3d 1143 [2007], *lv denied* 9 NY3d 839 [2007]), and it cannot be said in this case that the jury failed to give the evidence the weight it should be accorded (*see Bleakley*, 69 NY2d at 495; *People v Kalen*, 68 AD3d 1666 [2009], *lv denied* 14 NY3d 842 [2010]). Although defendant was acquitted of the only felony offense charged in the indictment, the jury was entitled to reject certain portions of the testimony of the victim who was the subject of that offense while crediting other portions (*see People*

*v Reed*, 40 NY2d 204, 208 [1976]; *Kalen*, 68 AD3d at 1667). Neither the lack of corroboration of the testimony of the witnesses nor the minor inconsistencies in their testimony that are addressed by defendant on appeal render their testimony incredible as a matter of law (*see People v Smith*, 73 AD3d 1469 [2010], *lv denied* 15 NY3d 778 [2010]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), and upon weighing the conflicting testimony and evaluating the strength of the various conclusions to be drawn therefrom, we conclude that "the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*id.* at 348). Present—Centra, J.P., Lindley, Sconiers, Green and Gorski, JJ.