THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVOR PITT, Appellant. [924 NYS2d 121]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered April 13, 2009, convicting him of criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and sentencing him on each count to a determinate term of 13 years of imprisonment to be followed by a period of five years of postrelease supervision, with the sentences to run concurrently.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the conviction of criminal possession of a weapon in the second degree under the first count of the indictment and the sentence imposed thereon, and by reducing the sentence imposed on the second count of the indictment from a determinate term of imprisonment of 13 years to a determinate term of imprisonment of five years and the period of postrelease supervision from five years to three years; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the first count of the indictment, and the entry of an appropriate amended judgment thereafter, if warranted.

On October 6, 2007, the defendant, while being attacked by a group of men in his neighborhood, pulled a gun and shot one of the men, killing him. The defendant, who was 37 years old when the incident took place and had no criminal record, was eventually arrested, and he made a written statement to the police, provided a videotaped statement to an assistant district attorney, and testified on his own behalf in the grand jury. In each

of the statements, and in his grand jury testimony, he recounted, at great length the escalating harassment, threats, and an assault to which he had been subjected upon moving into the neighborhood, his attempts to have the police intervene, his unsuccessful efforts to obtain emergency housing, and the shooting incident itself. He also admitted that he had possessed the gun for several weeks before the incident. The grand jury returned an indictment charging the defendant with two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]), but no homicide counts. Penal Law § 265.03 (1) (b), under which the defendant was charged in the first count of the indictment, contains as an element that the defendant intended to use the gun unlawfully against another. Penal Law § 265.03 (3), under which the defendant was charged in the second count of the indictment, does not contain that element. At trial, the defendant's statements and grand jury testimony were admitted, but, over the defendant's objection, were redacted to omit all but the portions relating to the incident itself and about how long the defendant had possessed the gun. After the Supreme Court told the defendant that, in the event he were to testify at trial, his testimony would be similarly limited, he declined to testify. The defendant was convicted of both counts in the indictment, and he was sentenced on each count to a determinate term of 13 years of imprisonment, to be followed by a period of five years of postrelease supervision, with the sentences to run concurrently.

A criminal defendant has a fundamental constitutional right to present witnesses in his or her own defense (*see Chambers v Mississippi*, 410 US 284, 302 [1973]; *People v Green*, 70 AD3d 39, 45 [2009]; *People v Taylor*, 40 AD3d 782, 783-784 [2007]). Moreover, "[a] court's discretion in evidentiary rulings is circumscribed by the rules of evidence and the defendant's constitutional right to present a defense" (*People v Carroll*, 95 NY2d 375, 385 [2000]; *see People v Klem*, 80 AD3d 777, 778 [2011]; *People v Ocampo*, 28 AD3d 684, 685-686 [2006]). While justification is not a defense to the crime of weapon possession (*see People v Pons*, 68 NY2d 264 [1986]; *People v Almodovar*, 62 NY2d 126 [1984]), here, the Supreme Court, in reliance on *People v Pons*, improperly precluded the defendant from presenting any evidence to support his contention that, while he admittedly had possessed the weapon, he had possessed it without the intent to use it unlawfully, an essential element of the crime with which he was charged. This error deprived the defendant of his constitutional right to present a defense to the charged crime of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]). Additionally, the Supreme

Court erred in approving the redaction of his statements and grand jury testimony to have only the inculpatory portions admitted. The defendant was entitled to have his complete statements, rather than only the inculpatory portions, introduced into evidence (*see People v Dlugash*, 41 NY2d 725 [1977]; *People v Rodriguez*, 188 AD2d 566 [1992]). These errors were not harmless (*see People v Crimmins*, 36 NY2d 230, 237, 242 [1975]). Inasmuch as the error pertained only to the first count of the indictment, however, we vacate the defendant's conviction under that count and remit the matter for a new trial on that count only.

In light of our determination, we need not address the defendant's remaining contentions with respect to the first count of the indictment. The defendant's contentions with respect to his conviction under the second count of the indictment are without merit. Although we are leaving the conviction on that count undisturbed, we find that the sentence imposed on that count was excessive to the extent indicated, and reduce it accordingly. Dillon, J.P., Balkin, Eng and Roman, JJ., concur.