■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG BLACK, Appellant. [934 NYS2d 850]—

"A criminal defendant has a fundamental constitutional right to present witnesses in his or her own defense" (*People v Pitt*, 84 AD3d 1275, 1276 [2011]; *see Chambers v Mississippi*, 410 US 284, 302 [1973]). "Moreover, '[a] [trial] court's discretion in evidentiary rulings is circumscribed by the rules of evidence and the defendant's constitutional right to present a defense'" (*People v Pitt*, 84 AD3d at 1276, quoting *People v Carroll*, 95

NY2d 375, 385 [2000]; *see People v Diaz*, 85 AD3d 1047, 1050 [2011]; *People v Ocampo*, 28 AD3d 684, 685 [2006]). However, a defendant's right to present a defense is not absolute (*see People v Hayes*, 17 NY3d 46, 53 [2011], *cert denied* 565 US —, 132 S Ct 844 [2011]; *People v Williams*, 81 NY2d 303, 313 [1993]), and the trial court has wide latitude to exclude evidence that is repetitive, only marginally relevant, or poses an undue risk of confusion of the issues (*see People v Bowen*, 67 AD3d 1022, 1023 [2009]; *People v Celifie*, 287 AD2d 465, 466 [2001]; *People v Cancel*, 176 AD2d 748, 749 [1991]).

The Supreme Court, under the circumstances here, providently exercised its discretion in excluding testimony of a witness called by the defendant that there was a video camera outside the building where the defendant allegedly completed a drug sale to an undercover police officer (*see People v Hayes*, 17 NY3d 46 [2011]). Dillon, J.P., Florio, Chambers and Miller, JJ., concur.