# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

439
KA 10-01481
PRESENT: SMITH, J.P., LINDLEY, SCONIERS, AND MARTOCHE, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

DUANE COBLE, DEFENDANT-APPELLANT.

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered July 7, 2010. The judgment convicted defendant, upon a nonjury verdict, of burglary in the second degree and robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of burglary in the second degree under count two of the indictment and dismissing that count, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of burglary in the second degree (Penal Law § 140.25 [1] [d]) and robbery in the second degree (§ 160.10 [2] [b]). At the conclusion of the trial, County Court found two codefendants guilty of burglary in the second degree as a lesser included offense of burglary in the first degree (§ 140.30 [1]) as charged in the second count of the indictment. In rendering its verdict, however, the court failed to dispose of that count of the indictment with respect to defendant. Notwithstanding that failure, the court sentenced defendant on, inter alia, a conviction of burglary in the second degree. As the People correctly concede, the court's failure to dispose of the second count "constitute[d] a verdict of not guilty with respect to [that] count" (CPL 350.10 [5]). We therefore agree with defendant that he was acquitted of burglary in the first degree and all lesser included offenses thereof, and we modify the judgment accordingly.

Defendant's further contention that the testimony of one of the complainants should have been precluded because she violated the order excluding certain witnesses from observing the trial and that the court's failure to preclude that testimony deprived him of a fair

trial is not preserved for our review (*see* CPL 470.05 [2]).  In any event, that contention is without merit.  "It was in the trial court's discretion to grant an order excluding witnesses from observing the trial, and the fact that a witness might have disobeyed such order does not disqualify the witness from testifying" (*People v Rivera*, 182 AD2d 1092, 1092-1093, *lv denied* 80 NY2d 896; *see also People v Palmer*, 272 AD2d 891, 891).  "[W]here a witness violates an order of exclusion, he or she is subject to court-imposed sanctions[,] the severity of which are committed to the sound discretion of the trial court.  And while the sanction may include precluding the witness from testifying, such sanction clearly is the most drastic available and would be appropriate only in the most egregious circumstances" (*People v Brown*, 274 AD2d 609, 610).  We conclude that the court did not abuse its discretion in permitting the complainant in question to testify, especially when she was cross-examined concerning her alleged violation of the order of exclusion and the court was permitted to consider that violation in assessing her credibility (*see generally Palmer*, 272 AD2d at 891).

Defendant contends that the evidence is legally insufficient to support the conviction of robbery in the second degree because he was charged as a principal rather than as an accessory and the evidence failed to establish that he acted as a principal.  We reject that contention.  "It is well established that liability as a principal or an accomplice is not an element of the crime charged and that the People may charge defendant as a principal but establish his guilt as an accomplice" (*People v Jackson*, 286 AD2d 946, 946, *lv denied* 97 NY2d 683; *see People v Rivera*, 84 NY2d 766, 769-770; *People v Duncan*, 46 NY2d 74, 79-80, *rearg denied* 46 NY2d 940, *cert denied* 442 US 910, *rearg dismissed* 56 NY2d 646).  In any event, the evidence is legally sufficient to establish that defendant committed robbery in the second degree as a principal (*see generally People v Danielson*, 9 NY3d 342, 349; *People v Bleakley*, 69 NY2d 490, 495).

Viewing the evidence in light of the elements of the crime of robbery in the second degree in this nonjury trial (*see Danielson*, 9 NY3d at 349), we reject defendant's further contention that the verdict with respect to that crime is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  " 'Issues of credibility . . . , including the weight to be given the backgrounds of the People's witnesses and inconsistencies in their testimony, were properly considered by the [court as the trier of fact] and there is no basis for disturbing its determinations' " (*People v Rogers*, 70 AD3d 1340, 1340, *lv denied* 14 NY3d 892, *cert denied* 131 S Ct 475; *see generally Bleakley*, 69 NY2d at 495).  Further, the inconsistencies in the witnesses' testimony raised by defendant on appeal do not render their testimony incredible as a matter of law (*see People v Nilsen*, 79 AD3d 1759, 1760, *lv denied* 16 NY3d 862; *cf. People v Wallace*, 306 AD2d 802, 802-803).

Defendant's contention that the court erred in considering robbery in the second degree as a lesser included offense of robbery in the first degree (Penal Law § 160.15 [2]) and in convicting him of

the lesser included offense is waived inasmuch as defendant failed to make a timely objection with respect thereto (*see People v Ford*, 62 NY2d 275, 282-283; *People v Smith*, 13 AD3d 1121, 1122-1123, *lv denied* 4 NY3d 803).

Entered:  April 27, 2012                          Frances E. Cafarell
                                                  Clerk of the Court