OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is reversed, on the law, and the matter is remitted to the Justice Court for a new trial.
Defendant was convicted after a nonjury trial of speeding (Vehicle and Traffic Law § 1180 [d]). The state trooper who had executed the simplified traffic information charging defendant with traveling 50 miles per hour in a 45-miles-per-hour speed zone, testified at a nonjury trial as to his expertise in estimating vehicle speeds within five miles per hour of their true speeds and his calibration and use of a radar device, the results of which had corroborated his visual estimate. The trooper stated that defendant, in fact, had traveled 60 miles per hour in the zone in question and that the trooper had charged a lesser violation because defendant hitherto had a “clean” driving record *91 and because his conduct during their encounter had been “decent.” Defendant testified as to the road and visibility conditions at the time of the alleged infraction, arguing that the reliability of the trooper’s estimate and the accuracy of the radar device’s reading were so compromised by those conditions as to render them insufficiently reliable to support a conviction. At the conclusion of his testimony, defendant sought to produce a witness, alleged to have operated a vehicle near defendant’s automobile at the time of the infraction, whose testimony would support defendant’s account of the conditions and that their respective speeds were within the posted limit. The Justice Court sustained the trooper’s objection to the witness on the ground that the witness had been present during the prior testimony and, thus, the witness’s testimony was fatally compromised. The Justice Court convicted defendant of the offense. Defendant appeals, arguing, among other things, that the trooper could not function as both prosecutor and witness, thereby violating the witness/advocate rule; that the proof was legally insufficient to support the conviction and, in any event, the verdict was against the weight of the evidence; and that the preclusion of the witness deprived him of his right to present a defense.
The first and second of these contentions are without merit. County Law § 700 (1) is construed to permit the delegation of the prosecutions of petty crimes and offenses to “subordinates and other public or administrative officers and even to private attorneys” (People v Soddano, 86 NY2d 727, 728 [1995]; see also Matter of People v Christensen, 77 AD3d 174, 190 [2010]; People v Murphy, 29 Misc 3d 79, 81 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). Furthermore, the witness/ advocate rule applies only to attorneys, and, thus, “[p]oliee officers are permitted to act as prosecutors and witnesses in the same case” (People v Rosenbaum, 21 Misc 3d 135[A], 2008 NY Slip Op 52207[U], *1-2 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]; see also People v Paperno, 54 NY2d 294, 299 [1981]; People v Pappas, 19 Misc 3d 140[A], 2008 NY Slip Op 50903[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]).
Viewed in the light most favorable to the People (People v Contes, 60 NY2d 620, 621 [1983]), we find that the trooper’s unrebutted evidence was legally sufficient to sustain the conviction (People v Dusing, 5 NY2d 126, 128 [1959]; People v Tsys, 29 Misc 3d 143[A], 2010 NY Slip Op 52213[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). While the 15-miles-per-hour variance between the officer’s estimate of defendant’s vehicle’s *92 speed and the speed limit did not exceed the 20-miles-per-hour differential deemed “clearly sufficient” to support a speeding conviction based on a visual estimate (People v Olsen, 22 NY2d 230, 232 [1968]; People v Moirzadeh, 31 Misc 3d 145[A], 2011 NY Slip Op 50939[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]), even a reading from an uncalibrated radar device may sufficiently corroborate a trooper’s visual estimate (People v Magri, 3 NY2d 562, 567 [1958]; People v Tsys, 29 Misc 3d 143[A], 2010 NY Slip Op 52213[U] [2010]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), and according the requisite deference to the factfinder’s opportunity to view the witnesses, hear their testimony, and observe their demeanor (People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490 [1987]), we find that the conviction was not against the weight of the credible evidence. The trooper’s testimony was unrebutted, persuasive on its face, and unmarred by material discrepancies. On this record, there is no reason to discredit the trooper’s testimony that defendant traveled 60 miles per hour in a 45-miles-per-hour speed zone.
However, the preclusion of defendant’s witness warrants a new trial. There is no dispute that the witness, alleged to have been driving an automobile in defendant’s vicinity when the trooper measured defendant’s speed, was present throughout the proceedings prior to being called. It is well settled that, in the context of a public trial, “the exclusion of a witness during the testimony of another concerning ‘events or facts in dispute’ is sanctioned as a device to preserve the truth-seeking function by ‘preventing one prospective witness from being taught by hearing another’s testimony’ ” (People v Sayavong, 83 NY2d 702, 708 [1994], quoting People v Santana, 80 NY2d 92, 100 [1992]; see also People v Stearns, 72 AD3d 1214, 1217 [2010]; People v Smith, 111 AD2d 883 [1985]).
In People v Brown (274 AD2d 609, 610 [2000]), the Court stated:
“It is axiomatic that when a defense witness in a criminal prosecution is prospectively excluded from testifying, the defendant’s 6th Amendment rights are implicated. It is equally well settled that a defendant’s right to present evidence is not absolute but, rather, is subject to the rules of procedure that govern the orderly presentation of evidence at trial . . . Indeed, preclusion of the testimony of a defense *93 witness, even where the testimony is highly probative, has been found to be an acceptable sanction for failure to comply with a court order . . . That being the case, it seems clear that where a witness violates an order of exclusion, he or she is subject to court-imposed sanctions the severity of which are committed to the sound discretion of the trial court. And while the sanction may include precluding the witness from testifying, such sanction clearly is the most drastic available and would be appropriate only in the most egregious circumstances ... In most situations, however, alternative sanctions, such as an adverse [inference], most likely would suffice.”
Thus, the testimony of a witness who has been present during prior testimony and in violation of a preclusion order is not thereby rendered incompetent (People v Coble, 94 AD3d 1520, 1521 [2012]; People v Lloyde, 106 AD2d 405 [1984]; Jerome Prince, Richardson on Evidence § 6-205 [Farrell 11th ed 1995]), and the determination of the appropriate remedy in such cases is a matter generally left to the provident exercise of a trial court’s discretion (People v Baker, 14 NY3d 266, 274 [2010]; People v Cooke, 292 NY 185, 191 [1944]; People v Roundtree, 234 AD2d 58 [1996]). Here, however, the record does not indicate any instruction by the Justice Court, nor a request by the state trooper at the outset of the trial, that defendant’s witnesses be identified and excluded from the courtroom until called to testify (cf. People v Palmer, 272 AD2d 891 [2000]) or that the testimony was offered in bad faith (People v Arroyo, 162 AD2d 337, 339 [1990]). Furthermore, a judge, as opposed to a lay jury, “by reasons of . . . learning, experience and judicial discipline, is uniquely capable of distinguishing the issues and of making an objective determination based upon appropriate legal criteria, despite awareness of facts which cannot properly be relied upon in making the decision” (People v Moreno, 70 NY2d 403, 406 [1987] [internal quotation marks and citation omitted]; see People v Palmer, 300 AD2d 412, 413 [2002] [“the court, sitting as the trier of fact, is presumed capable of disregarding prejudicial aspects of the evidence”]; People v Tong Khuu, 293 AD2d 424, 425 [2002] [same]; People v Brandel, 30 Misc 3d 134[A], 2011 NY Slip Op 50082[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011] [same]; People v Jirgal, 13 Misc 3d 142[A], 2006 NY Slip Op 52280[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006] [same]; cf. People v Best, 19 NY3d 739, 744 [2012]). Under the circumstances, the record does not support an inference that the witness’s testimony would have caused *94 undue prejudice to the prosecution (People v Lloyde, 106 AD2d at 406, citing United States v Vario, 484 F2d 1052, 1055-1056 [2d Cir 1973]).
But a more fundamental issue is defendant’s right to present witnesses on his own behalf (Chambers v Mississippi, 410 US 284, 302 [1973]; People v Pitt, 84 AD3d 1275, 1276 [2011]). While a trial court is afforded “wide latitude” to exclude evidence that is of marginal value or repetitive, or which poses a risk of issue confusion (People v Black, 90 AD3d 1066, 1067 [2011]) and, as noted, a measure of discretion to preclude a witness tainted by exposure to trial testimony, that authority is “circumscribed by . . . the defendant’s constitutional right to present a defense” (People v Carroll, 95 NY2d 375, 385 [2000]; compare People v DeJesus, 44 AD3d 464, 466-467 [2007], with People v Hilts, 237 AD2d 737, 738 [1997]). In this case, there is no indication that the prospective witness’s testimony would have been marginal or repetitive, or confusing with respect to material issues. The core of the defense was to raise doubt as to the accuracy of the trooper’s speed estimation and the instrument’s measure of defendant’s speed, given the conditions when made. The testimony of the other driver might have corroborated defendant’s testimony as to those conditions as well as defendant’s claim of having remained within the speed limit, in that defendant and his witness allegedly traveled below that limit in tandem.
Accordingly, the judgment of conviction is reversed and the matter is remitted to the Justice Court for a new trial.
Nicolai, P.J., Iannacci and Tolbert, JJ., concur.