■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS JACK, Also Known as ERNEST WEBB, Appellant. [51 NYS3d 173]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered November 8, 2012, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court deprived him of a fair trial and his right to put on a defense when it redacted portions of a recording of a telephone call is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event,

the defendant's contention is without merit. A defendant's right to present a defense is not absolute (*see People v Hayes*, 17 NY3d 46, 53 [2011]; *People v Williams*, 81 NY2d 303, 313 [1993]), and the trial court has wide latitude to exclude evidence that is repetitive, is only marginally relevant, or poses an undue risk of confusion of the issues (*see People v Bowen*, 67 AD3d 1022, 1023 [2009]; *People v Celifie*, 287 AD2d 465 [2001]; *People v Cancel*, 176 AD2d 748, 749 [1991]). Here, the Supreme Court properly admitted into evidence certain portions of a recording of a telephone call made by the defendant while he was at Rikers Island prior to trial. During the call, the defendant stated, "The [surveillance] video has my clothes in it. . . . But it don't show my face." This part of the call was properly admitted as an admission (*see People v Chico*, 90 NY2d 585, 589 [1997]; *see also People v Grant*, 17 NY3d 613, 622 [2011]; *People v O'Connor*, 21 AD3d 1364, 1366 [2005]). Furthermore, contrary to the defendant's contention, the Supreme Court did not err in excluding a portion of the recording in which the defendant surmised what a police officer would testify to and why that testimony would be a lie, because that portion of the recording did not modify or destroy the effect of the admission in the admitted portion of the recording (*cf. People v Dlugash*, 41 NY2d 725, 736 [1977]; *People v Gallo*, 12 NY2d 12, 15 [1962]; *People v Pitt*, 84 AD3d 1275, 1276-1277 [2011]; *People v Rodriguez*, 188 AD2d 566, 567 [1992]).

The defendant's contention that he was deprived of the effective assistance of counsel is without merit, as defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]).

The defendant's remaining contentions, raised in his pro se supplemental brief, that certain comments made by the prosecutor in his opening and closing statements deprived him of a fair trial, are without merit. Rivera, J.P., Hall, Roman and Brathwaite Nelson, JJ., concur.