People v Alessi (2022 NY Slip Op 50446(U))

[*1]

People v Alessi (Christian)

2022 NY Slip Op 50446(U) [75 Misc 3d 132(A)]

Decided on May 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., HELEN VOUTSINAS, BARRY E.
WARHIT, JJ

2021-412 S CR

The People of the State of New York,
Respondent,
against
Christian Alessi, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from judgments of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (Lewis Silverman, J.H.O.), rendered June 9, 2021. The judgments,
after a nonjury trial, convicted defendant of speeding and failure to properly maintain license
plates, respectively, and imposed sentences.

ORDERED that the judgments of conviction are affirmed.
Defendant was charged in two simplified traffic informations with, respectively, speeding
(Vehicle and Traffic Law § 1180 [b]) and failure to properly maintain license plates
(Vehicle and Traffic Law § 402 [1]).
Prior to taking trial testimony, defense counsel argued that the People had not provided the
defense with a radar certificate. The court recommended that defense counsel make a written
motion. However, defendant proceeded with the trial without making a formal written motion
compelling discovery.
At a nonjury trial, Trooper Needham testified that he had been qualified to visually estimate
the rate of vehicular speed within five miles per hour (mph) of the actual speed. He stated, among
other things, that he visually estimated that defendant had been traveling 95 mph in a 55-mph
zone and that he then used a radar device which measured defendant's speed at 96 mph. He tested
the radar unit for accuracy and the test indicated that the radar unit was functioning properly at
the time of the incident. Upon stopping defendant's vehicle, Trooper Needham noticed that it did
not have a front license plate. When he asked defendant if he was aware of why he had been
pulled over, defendant stated, "I'm sorry I was going fast. I was going about 90 miles per hour."
The District Court found defendant guilty of both speeding and failure to properly maintain a
license plate, and imposed sentences. 
The trooper's testimony that, as a qualified operator, he had used a radar device that was
working properly to measure defendant's speed at 96 mph in a posted 55-mph zone sufficed [*2]independently to prove a violation of Vehicle and Traffic Law
§ 1180 (b) (see People v Dusing, 5 NY2d 126, 128 [1959]; People v Goess, 34 Misc 3d
152[A], 2012 NY Slip Op 50303[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012];
People v Susana, 29 Misc 3d
144[A], 2010 NY Slip Op 52218[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2010]).
Moreover, even if the proof of the calibration of the radar device was inadequate, a reading
from an uncalibrated radar device may sufficiently corroborate a trooper's visual estimate (see
People v Magri, 3 NY2d 562, 567 [1958]; People v Cervera, 40 Misc 3d 89, 92 [App Term, 2d Dept, 9th
& 10th Jud Dists 2013]), particularly if the visual estimate and the radar measurement are so
similar as to render "any perceived deficiency in the radar evidence . . . of no consequence"
(People v Knight, 72 NY2d 481, 488 [1988]; see also Goess, 2012 NY Slip Op
50303[U], *2; Susana, 2010 NY Slip Op 52218[U], *2; People v Ramaker, 9 Misc 3d
131[A], 2005 NY Slip Op 51592[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2005]).
Thus, the trooper's testimony that he had received training to visually estimate the rate of speed
of a vehicle at plus or minus five mph and that he had determined defendant's rate of speed to be
95 mph, which was close to the 96 mph rate that the radar unit had measured, was sufficient to
prove a violation of Vehicle and Traffic Law § 1180 (b) (see Knight, 72 NY2d at
488). In any event, the officer's testimony that he had visually estimated the speed of defendant's
vehicle, which exceeded the speed limit by more than 20 mph, was alone sufficient to establish
defendant's guilt beyond a reasonable doubt (see People v Olsen, 22 NY2d 230, 232
[1968]). 
In fulfilling our responsibility to conduct an independent review of the weight of the
evidence (see CPL 470.05 [2]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while
according great deference to the factfinder's opportunity to view the witnesses, hear their
testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888,
890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdict
convicting defendant of speeding was not against the weight of the evidence (see People v Romero, 7 NY3d
633, 643-646 [2006]).
Defendant's remaining contentions are either without merit or unpreserved for appellate
review.
Accordingly, the judgments of conviction are affirmed.
DRISCOLL, J.P., VOUTSINAS and WARHIT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 23, 2022