People v Tawfiles (2024 NY Slip Op 50734(U))

[*1]

People v Tawfiles (Wasfi)

2024 NY Slip Op 50734(U)

Decided on June 17, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 17, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570689/16

The People of the State of New York, Respondent,
against
Wasfi Tawfiles, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Stephen Antignani, J.), rendered September 19, 2016, after a nonjury trial, convicting him of public lewdness, and imposing sentence.

Per Curiam.
Judgment of conviction (Stephen Antignani, J.), rendered September 19, 2016, affirmed.
The verdict convicting defendant of public lewdness (see Penal Law § 245.00) was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence, along with reasonable inferences that could be drawn therefrom, established that defendant masturbated with his hand in his pocket, while sitting on a bench in Union Square Park (see Penal Law § 245.00; People v Chang-Correa, 53 Misc 3d 126[A], 2016 NY Slip Op 51311[U] [App Term, 1st Dept 2016]). There is no basis for disturbing the court's determinations concerning credibility, including its acceptance of the eyewitness police officers' testimony and its rejection of defendant's testimony that he was merely scratching an itch caused by a rash.
The court providently exercised its discretion in precluding certain speculative testimony of defendant's witness, Dr Shahir Nair. The witness, who primarily works as a medical consultant to attorneys, was permitted to explain certain aspects of defendant's medical records. The records showed that defendant was prescribed an anti-fungal medication in May 2015 (two weeks before the incident), though the records did not indicate his symptoms; and was then prescribed a steroid cream to treat itchiness in his groin in August 2015 (three months after the incident). However, based upon the fact that Dr. Nair was not qualified as an expert and had not treated defendant, the court properly precluded speculative testimony attempting to show that defendant must have had the same symptoms two weeks before the incident that he experienced three months later.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 17, 2024