People v Krasnyanskiy (2025 NY Slip Op 51168(U))

[*1]

People v Krasnyanskiy (Natan)

2025 NY Slip Op 51168(U)

Decided on July 17, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 17, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : GARGUILO, P.J., DRISCOLL and GOLDBERG-VELAZQUEZ, JJ

2024-95 S CR

The People of the State of New York, Respondent,
against
Natan Krasnyanskiy, Appellant. 

Suffolk County Legal Aid Society (Amanda E. Schaefer of counsel) for appellant.
Suffolk County District Attorney (Pilar O'Rourke of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Riverhead, Suffolk County (Lori M. Hulse, J.), rendered January 3, 2024. The judgment convicted defendant, upon a jury verdict, of public lewdness, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Following a jury trial, defendant was convicted of public lewdness (Penal Law § 245.00) and sentenced to a term of three years' probation and a fine. On appeal, defendant argues that his conviction was not supported by legally sufficient evidence and was against the weight of the evidence; that his constitutional rights to a fair trial and to present a defense were violated when the Justice Court precluded him from calling an investigator to testify regarding the existence of surveillance cameras around the incident location; that the Justice Court improperly denied defendant's motion pursuant to CPL 245.80 to preclude the testimony of an allegedly belatedly disclosed prosecution witness; and that the sentence of three years' probation is excessive and should be reduced in the interest of justice.
"[W]here[, as here,] the trial court reserves decision on a defendant's motion to dismiss [made at the close of the People's case], the preservation rules do not bar review of defendant's claim" (People v Nicholson, 26 NY3d 813, 830 [2016]; see People v Payne, 3 NY3d 266, 273 [2004], abrogated on other grounds by People v Feingold, 7 NY3d 288 [2006]). Viewing the evidence in the light most favorable to the People (see People v Dubarry, 25 NY3d 161, 178 [2015]; People v Contes, 60 NY2d 620, 621 [1983]) and indulging in all reasonable inferences in the People's favor (see People v Gordon, 23 NY3d 643, 649 [2014]; People v Delamota, 18 NY3d 107, 113 [2011]), we find that the evidence was legally sufficient to establish, beyond a reasonable doubt, defendant's guilt of public lewdness (see People v Conde, 46 Misc 3d 142[A], 2015 NY Slip Op 50172[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; People v Dolan, [*2]34 Misc 3d 159[A], 2012 NY Slip Op 50442[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Romero, 7 NY3d 633, 644 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon a review of the record, and particularly the consistent testimony of the two eyewitnesses to the incident who both clearly viewed defendant's lewd act in a public place, we find no basis to disturb the jury's credibility determinations and, as a result, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Tawfiles, 83 Misc 3d 127[A], 2024 NY Slip Op 50734[U] [App Term, 1st Dept 2024]; People v Chang-Correa, 53 Misc 3d 126[A], 2016 NY Slip Op 51311[U] [App Term, 1st Dept 2016]).
While the right to present a defense is fundamental (see Crane v Kentucky, 476 US 683, 690 [1986]; People v Dixon, 42 NY3d 609, 616 [2024]), it is "not absolute" (People v Williams, 81 NY2d 303, 313 [1993]; see People v Hayes, 17 NY3d 46, 53 [2011]), and is subject to "the legitimate demands of the adversarial system" (People v Williams, 81 NY2d at 313 [internal quotation marks omitted]). " 'It is well established that the trial courts have broad discretion to keep the proceedings within manageable limits' " (People v Spencer, 20 NY3d 954, 956 [2012], quoting People v Hudy, 73 NY2d 40, 56 [1988]), and a court "has wide latitude to exclude evidence that is repetitive, is only marginally relevant, or poses an undue risk of confusion of the issues" (People v Jack, 149 AD3d 779, 780 [2017]; see People v Bowen, 67 AD3d 1022, 1023 [2009]).
As defendant offered no objection on constitutional grounds to the court's ruling excluding his witness, his present claims on those grounds are not preserved for appellate review (see CPL 470.05 [2]; People v Lane, 7 NY3d 888, 889 [2006]; People v Brown, 220 AD3d 802, 803 [2023]; People v Schindler, 27 Misc 3d 127[A], 2010 NY Slip Op 50578[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). In any event, it cannot be said that the trial court improvidently exercised its discretion in precluding the witness, as " 'there was a complete failure to demonstrate any relevance' with regard to [the witness's] proposed testimony" (People v Li, 207 AD3d 566, 570 [2022], quoting People v Billups, 132 AD2d 612, 613 [1987]; see People v Black, 90 AD3d 1066, 1067 [2011]; People v Schindler, 2010 NY Slip Op 50578[U], *2).
To the extent that the People violated their discovery obligations by belatedly disclosing the identity of a witness to the incident, defendant failed to show any prejudice from this alleged failure (see CPL 245.80 [1] [a]) and, thus, he was not entitled to any remedy (see People v Sheard, 236 AD3d 826, 827 [2025]; People v Ramjattan, 219 AD3d 1348, 1351 [2023]; People v Jackson, 77 Misc 3d 138[A], 2022 NY Slip Op 51362[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; People v Jateen, 74 Misc 3d 134[A], 2022 NY Slip Op 50280[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]).
Contrary to defendant's final contention, the sentence imposed was not unduly harsh or severe (see People v George, 237 AD3d 971, 973 [2025]; People v Trent, 236 AD3d 1068, 1069 [2025]; see generally CPL 470.15 [6] [b]; People v Brisman, ___ NY3d ___, 2025 NY Slip Op 00123 [2025]). We note that defendant retains the right to apply to the Justice Court to modify the length and conditions of his probation (see CPL 410.20 [1]; People v Pagan, 19 NY3d 368, [*3]371 [2012]; People v Nuwesra, 65 Misc 3d 131[A], 2019 NY Slip Op 51570[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; People v Barnes, 32 Misc 3d 134[A], 2011 NY Slip Op 51454[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]).
Accordingly, the judgment of conviction is affirmed.
GARGUILO, P.J., DRISCOLL and GOLDBERG-VELAZQUEZ, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 17, 2025